Linda Faye CHOYCE, Appellant,

v.

The DALLAS COUNTY CHILD WELFARE UNIT OF the TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.

No. 05–81–01259–CV.

Court of Appeals of Texas, Dallas.

Nov. 12, 1982.

**560**

McCorkle, Westerburg & Felton, Michael R. Hoffman, Dallas, for appellant.

Stephen Buddy Luce, Franks & Luce, Irving, guardian ad litem.

Henry Wade, Dist. Atty., Anne Packer, Asst. Dist. Atty., Legal Clinic-SMU School of Law, Cynthia Hollingsworth, Dallas, for appellee.

Before CARVER, VANCE and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a case in which the Department of Human Resources sought permanent managing conservatorship of Maurice Lamond Choyce, Linda Wenona Choyce, and Tommie Jean Choyce, who were in the temporary custody of the Dallas County Child Welfare Unit of the Texas Department of Human Resources. The children's aunt intervened and also sought managing conservatorship. In accordance with the jury's findings, the trial court appointed the Department as the permanent managing conservator and both the mother and the aunt as permanent possessory conservators with visitation rights. The mother appeals. We affirm.

■ The mother's first contention is that the trial court erred in charging the jury as to the proper burden of proof. Section 11.15 of the Texas Family Code provides that the "preponderance of the evidence" standard is to be used in suits affecting the parent-child relationship under general rules applicable to civil cases. The trial court charged the jury in accordance with section 11.15. The mother argues that due process under the Fourteenth Amendment of the United States Constitution requires a higher burden of proof. In this regard, the mother contends that section 11.15 is unconstitutional because the deprivation of custody and award of managing conservatorship to a non-parent is tantamount to termination of parental rights and is such a deprivation as to require "clear and convincing" proof. See In re G.M., 596 S.W.2d 846 (Tex.1980). We disagree.

In Wiley v. Spratlan, 543 S.W.2d 349, 351–5 (Tex.1976), the difference between suits for conservatorship and for termination was noted as follows:

Suits for conservatorship, possession, and support are governed by Chapter 14 of the Family Code and those matters are determined by the "best interest" test. Section 14.07. Those proceedings are different and have different purposes from termination cases. Decrees under Chapter 14 may be modified or changed from time to time, but the parent still retains some rights in and control over a child. A termination decree, on the other hand, is complete, final, irrevocable. It divests for all time the parent and child of all legal rights, privileges, duties, and powers with respect to each other except for the child's right to inherit. See Section 15.07. The difference in the proceedings justifies the caution with which courts have characteristically considered termination cases.

The present decree is not a termination decree. Since the mother still retains rights in her children, her claim to be appointed managing conservator can be relitigated upon the showing of a material and substantial change in circumstances. Tex.Fam. Code Ann. § 14.08 (Vernon Supp.1981).

The purpose of the decree was to reduce the mother's influence until she could rehabilitate herself and show that she has the ability to properly care for her children. We conclude that this revocable and less drastic deprivation is not such a serious loss of rights as to require a stricter burden of proof than that of a preponderance of the evidence set forth in section 11.15 of the Code. Consequently, we hold that the trial court properly charged the jury under the statutory standard.

■ In her second point of error, the mother challenges the sufficiency of the evidence which supported the finding that it would not be in the best interest of the children to appoint her as managing conservator. The evidence shows that the children were all born out of wedlock; that the mother had in the past used narcotics such as "speed" and heroin; and that she abused alcohol. The mother admitted that she had been a prostitute and had been convicted of second-degree robbery as a result of an incident stemming from an act of prostitution. Furthermore, the record in this case shows an abundance of expert testimony from psychologists and social workers who testified that the mother had few "parenting" skills and that no "bonding" had occurred between the mother and her children except for the oldest child.

■ There is a strong presumption that the best interest of the child is served by having the natural parents retain custody. If evidence is produced to support a finding of the non-existence of the presumed fact, the case will proceed as if no presumption existed. In re Guillory, 618 S.W.2d 948 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); McGuire v. Brown, 580 S.W.2d 425 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). The evidence presented at trial was sufficient to rebut the existence of the presumption.

■ The next phase of analysis as to the second point of error requires the application of general rules of law used in civil cases when reviewing factual sufficiency points of error. We must consider all of the evidence and determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); T.A.B. v. W.L.B., 598 S.W.2d 936 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). Under this test, we find that the evidence was sufficient to support the jury's finding and overrule the appellant's second point of error.

■ The final point of error in this case is presented by the guardian ad litem. He argues that the evidence was insufficient to support the finding that it would be in the best interest of the children to appoint the Department of Human Resources as permanent managing conservator. Again, we find that the evidence was sufficient to support the jury's finding. Accordingly, we overrule the final point of error and affirm the judgment of the trial court.

Affirmed. Costs taxed against appellant.