**Tammy June WIMPEY, Appellant,**

v.

**Arlon Monroe WIMPEY, Appellee.**

**No. 05–82–01155–CV.**

Court of Appeals of Texas, Dallas.

Nov. 10, 1983.

Rehearing Denied Nov. 29, 1983.

Burt Barr, Dallas, for appellant.

S.L. Lewis, Dallas, for appellee.

Before AKIN, ALLEN and STEWART, JJ.

AKIN, Justice.

This is an appeal by a mother from a judgment of divorce appointing the paternal grandparents as managing conservators of her daughter. The principal question is whether the trial judge may consider and rely upon a social study made pursuant to TEX.FAM.CODE ANN. § 11.12 (Vernon 1975), when that social study had not been introduced into evidence. We hold that the trial judge may do so. A second question is whether the TEXAS FAMILY CODE authorizes a court to grant managing conservatorship to grandparents. We hold that it does. Accordingly, we affirm.

Arlon Wimpey, Jr., sued Tammy Wimpey for divorce seeking to place managing conservatorship of the couple's daughter with his parents. In response, Tammy Wimpey counterclaimed, seeking managing conservatorship of the daughter. The trial court allowed the child's paternal grandparents to intervene and to independently seek managing conservatorship of the child. The paternal grandparents had been appointed temporary managing conservators of the child in a previous divorce action between the parents which did not result in a final decree.[1] The present case was tried to the judge, sitting without a jury. After a trial, the judge granted divorce and placed managing conservatorship with the paternal grandparents with visitation by the mother, who was named a possessory conservator. Visitation was limited to one supervised visit a month away from the paternal grandparents' home and "at other reasonable times in the home of the paternal grandparents." From the conservatorship and visitation provisions of the decree, the mother now appeals. We hold that neither the conservatorship nor the visitation orders of the trial court constitute an abuse of discretion. Accordingly, we affirm.

The mother argues that the trial court erred in granting managing conservatorship to the paternal grandparents because a presumption exists that it is in the best interest of the child to place custody with a parent. To rebut this presumption, she contends that the grandparents have the burden to show by clear and convincing evidence that it is in the child's best interest for a person, other than a parent, to be

---

1. The record does not disclose additional information with respect to this prior action.

appointed managing conservator. According to the mother, no evidence was adduced showing that she was an unfit mother or that the paternal grandparents would be superior managing conservators. In this respect, she contends that she can find no authorization in the Family Code for the appointment of grandparents as managing conservators. We disagree with both contentions.

■ With respect to whether grandparents may be named managing conservators of a child, TEX.FAM.CODE ANN. § 14.01(a) (Vernon 1975) authorizes the trial judge to "appoint a managing conservator, who must be *a suitable competent adult,* or a parent, or an authorized agency." [Emphasis added]. Although this language does not mention grandparents, a grandparent may fall within the ambit of "suitable competent adult." This language is consistent with the policy of the family code requiring the trial judge to look to the best interests of children in appointing managing conservators. Consistent with this policy, TEX.FAM.CODE ANN. § 14.-01(b) (Vernon 1975)[2] requires the judge to appoint a parent "unless the court finds appointment of the parent would not be in the best interest of the child." Unlike termination cases, the burden of the non-parent is to prove by a preponderance of the evidence that appointing the parent managing conservator is not in the child's best interest and that the child's best interest would be served by naming the non-parent. TEX.FAM.CODE ANN. § 11.15. *Choyce v. Dallas County Child Welfare Unit,* 642 S.W.2d 559, 560–61 (Tex.App.—Dallas 1982, no writ). Consequently, the grandparents need not show that the mother was unfit but must show that they would be superior custodians of the child and that the child's best interests would be better served.

■ Because the evidence adduced at trial was insufficient to support the judgment, we must determine whether the social study

made in this case could be considered in its entirety by the judge in determining the child's best interest. We hold that the social study can be so considered. Section 11.12(c) of the family code provides that the social study when ordered "shall be made a part of the record of the suit." The supreme court in *Green v. Remling,* 608 S.W.2d 905, 907 (Tex.1980), an adoption case, held that a social study not formally introduced into evidence was automatically a part of the record and need not be tendered into evidence. That court noted that the purpose of the study was to provide the trial judge with an impartial source of information in determining a child's best interest. The same considerations are germane in appointing managing conservators.

We are not to be understood as holding that the social study is binding on the trial judge but rather we are holding that the judge, in his discretion, may consider the study. Neither do we hold that a party or the judge cannot challenge the accuracy of the information contained in the social study. In this respect, the judge or any party may call as a witness the person who prepared the social study to attack or to determine the accuracy of the information in the study as well as the conclusions drawn from that information. TEX.FAM. CODE § 11.14(c), (f) (Vernon 1975). In this case, the judge made reference to the social study during the trial. Although the mother's counsel stated that he had not seen the social study, he made no objection to the judge's consideration of the study. Although no complaint is made on this appeal on this ground, we had to address this question to support the judgment in light of a no evidence attack.

■ Because the information contained in the study and the evidence adduced at trial are not matters that require publication, we have set forth those facts in a separate unpublished opinion. Publishing those facts will serve no useful purpose and

2. The preference for a parent as a managing conservator, found in § 14.01(b) of the Family Code, was expressed in pre-Family Code cases as a presumption that custody with a parent

would be in a child's best interest. These cases apparently are the genesis of the presumption the mother argues here.

our decision not to do so may be in the best interests of all parties. Needless to say, the information in the social study supports the trial judge's judgment, which is affirmed.