**In the Interest of T____.**

**No. 05–85–01050–CV.**

Court of Appeals of Texas, Dallas.

July 25, 1986.

Cecil D. Elfenbein, Dallas, for appellant.

Gary L. Schappaugh, Garland, for appellee.

Before GUITTARD, C.J., and HOWELL and STEWART, JJ.

HOWELL, Justice.

This is a child custody case. Dominga Rosales, the child's paternal grandmother, appeals from the trial court's order making Beverly Gail Taylor, the child's mother, his managing conservator. We find no reversible error and affirm the trial court's judgment.

■ Rosales's first three points of error complain of the trial court's failure to grant a continuance in the case and its proceeding to trial and judgment without hearing testimony from the child's psychiatrist. The motion for continuance was not supported by affidavit as required by Rule 251 of the Rules of Civil Procedure. Thus, the trial court did not abuse its discretion in overruling it. *Southwestern Bell Co. v. Griffith*, 575 S.W.2d 92, 97 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ We are mindful that:
the court's duty to protect the children's interests should not be limited by technical rules. Pertinent facts which may directly affect the interests of the children should be heard and considered by the trial court regardless of the lack of diligence of the parties in their presentation of information to the court.

C____ v. C____, 534 S.W.2d 359, 361 (Tex. Civ.App.—Dallas [5th Dist] 1976, writ dism'd) (citations omitted). Even if Rule 251's seemingly mandatory language can be disregarded, another problem arises. The motion for continuance failed to state "what [s]he expect[ed] to prove by" the psychiatrist's testimony. TEX.R.CIV.P. 252. The motion merely recited, "Cross-Petitioner expects the testimony of this witness to have direct and relevant bearing on the best interest of this child." The allegation falls short of Rule 252's requirement that a motion for continuance based on want of testimony show the materiality of the testimony. More importantly, the statement failed to inform the trial court and does not inform this Court why the testimony of the psychiatrist was important to the determination of the best interest of the child.

C____ v. C____ permitted relaxation of the rules regarding motions for new trial based on evidence that was not produced at trial. The court in that case had before it numerous affidavits attesting to physical abuse of the child. 534 S.W.2d at 361. The court was able to determine that a serious issue relating to the child's best interest had been raised and that the affiants could provide certain specific material testimony on that issue. Here we simply have no way of knowing what, if anything, the psychiatrist could have added to the proceeding before us. It follows that the trial court did not abuse its discretion in overruling the motion for continuance.

The fourth and fifth points of error state that no evidence supports the trial court's determination that Taylor should be the managing conservator and alternatively that such determination is against the great weight and preponderance of the evidence.

 Our examination of the record reveals ample evidence to uphold the trial court's determination. The testimony of the mother, her husband, mother-in-law, and father-in-law tended to show that she could provide a loving and stable environment for the child. Other evidence indicated that the grandmother, a sixty-year-old woman, lived in a deteriorating house and did not own a car. Contrary evidence was also present detailing the mother's "gypsy-like" lifestyle and showing that the child and his grandmother had a good relationship. In short, each custody alternative before the trial court had palpable advantages and disadvantages.

The paramount consideration in the determination of managing conservatorship is the best interest of the child. *Green v. Remling*, 608 S.W.2d 905, 907 (Tex.1980); TEX.FAM.CODE ANN. § 14.07(a) (Vernon 1975). It is well settled that a trial court is given wide latitude in determining the best interests of the child, and its judgment will be reversed only when it appears from the record as a whole that the court has abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982). This rule is "based on the fact that the trial court is in the best situation to observe the demeanor and personalities of the witnesses and can 'feel the forces, powers, and influences that cannot be discerned by merely reading the record.'" *Jeffers v. Wallace*, 615 S.W.2d 252, 253 (Tex.Civ.App.—Dallas 1981, no writ). *See Dunker v. Dunker*, 659 S.W.2d 106, 109 (Tex.App.—Houston [14th Dist.] 1983, no writ). Furthermore, in the case at bar, the parties do not stand before the court as equals. The nonparent is burdened to prove by a preponderance of evidence that appointing the parent managing conservator is not in the best interest of the child. TEX.FAM.CODE ANN. § 14.01 (Vernon 1975); *Wimpey v. Wimpey*, 662 S.W.2d 680, 682 (Tex.App.—Dallas 1983, no writ). Upon review of the entire record, we cannot say that the trial court abused its discretion in the custody determination.

The judgment of the trial court is affirmed.