**Howard FEIN and Fein Enterprises, Inc., Appellants,**

v.

**Lloyd A. DICKEN, Appellee.**

**No. 05–87–00322–CV.**

Court of Appeals of Texas, Dallas.

May 5, 1988.

Rehearing Denied June 17, 1988.

Randall M. Willis, Dallas, for appellants.

Ben Capelle, Dallas, for appellee.

Before HOWELL, HECHT and BAKER, JJ.

HOWELL, Justice.

Appellants Howard Fein and Fein Enterprises, Inc. ("Buyer") appeal a judgment taken by appellee Lloyd A. Dicken ("Seller") in the amount of $19,332.00. Buyer urges that the findings of fact and conclusions of law forming the basis of the trial court's judgment are so against the great weight and preponderance of the evidence as to be manifestly unjust. We agree with Buyer's contentions; accordingly, the judgment is reversed and remanded for a new trial.

This suit arose in connection with the sale of a restaurant in Collin County, Texas. Buyer agreed to buy the property from Seller and executed a written contract with addenda, a promissory note for $15,000.00, and a security agreement covering the equipment in the business. Seller expressly warranted "that at the time physical possession is delivered to Buyer, all equipment will be in proper working order and that the premises will pass all inspections necessary to conduct such business." The closing occurred on February 13, 1986, and Buyer took possession of the premises the next day.

Two days after Buyer took possession of the premises, an exhaust fan over a cooking grill broke. On March 13, 1986, the restaurant was inspected by city officials, who found numerous violations. Buyer testified that all conditions found by the various inspectors were present on February 13, 1986, when he took possession of the property. Seller introduced evidence that the property had passed all necessary inspections as late as January 27, 1986.

Buyer brought the premises into compliance with the various city codes, spending approximately $5,000.00 to repair or replace equipment, duct work and filters in the kitchen of the restaurant. Pursuant to the express contract, he sought to offset this amount against future payments, based upon Seller's warranty that all the equipment would be in proper working order and that the premises would pass all inspections necessary to conduct such business. Seller treated this attempted "offset" as a breach of the underlying contract. Under the provisions of the agreement, default in the payment of an installment entitled Seller to accelerate the note and declare the entire amount immediately due and payable.

Seller then brought suit against Buyer on the promissory note given as part of the

restaurant's purchase price; Buyer counterclaimed for breach of the contract and underlying warranty, and for wrongful acceleration of the promissory note. Following a trial to the court, judgment was rendered for Seller in the amount of $19,-332.00. The court denied Buyer's counterclaim.

Buyer urges that the judgment rendered by the trial court was against the great weight and preponderance of the evidence and that a remand for new trial is in order. In reviewing a "great weight and preponderance" point of error, we must look at all the evidence in the trial court and we must reverse and remand if the judgment is so contrary to the evidence as to be manifestly unjust. *Choyce v. Dallas County Child Welfare Unit,* 642 S.W.2d 559, 561 (Tex. App.—Dallas 1982, no writ). The evidence indicates that the premises easily passed inspection less than a month before the transfer to Buyer. However, when these same premises were inspected less than three and a half months later, numerous code violations were noted by the inspectors. These violations included such things as improper filtering of exhaust systems, improper venting of ducting systems, and faulty wiring. Several contractors who corrected the deficiencies testified that the work they performed was necessary to comply with the code specifications. Buyer also testified that all conditions noted by the code inspectors existed on February 14, the date that Seller warranted the premises were in compliance with the various city codes.

Seller has never denied that such code violations existed. Instead, Seller argues a theory of subjectivity in support of the judgment below. The city codes are wide ranging and contain much generalized terminology, Seller argues. The inspector must subjectively evaluate the premises in light of the code. In essence, he argues that the deciding factor is the personal attitude of the inspector. Thus, according to Seller, evidence that the premises were approved as late as January 27, 1986 formed a sufficient basis for the trial court to conclude that an inspector would have passed them again three weeks later on February 14. He contends the court could have so found regardless of the physical defects which were then in actual existence.

■ We must reject Seller's position. It greatly emasculates the warranty given. We interpret the warranty as an assurance that the premises were in such condition that no inspector would have reasonable grounds to reject them. We cannot accept the notion that Seller was only warranting the premises to be in such condition that the typical inspector would, in reasonable probability, waive or overlook the deficiencies and allow the property to "get by" the inspection. We therefore must determine if the finding that the premises were, as a matter of fact, in compliance with the various codes on February 14, 1986, and if the court's finding to such effect was against the great weight and preponderance of the evidence.

■ There was uncontradicted testimony that the premises were not substantially altered between February 14 and March 13. There was also uncontradicted testimony that all conditions subsequently found to be in violation of the codes existed on February 14, 1986. There is uncontradicted testimony that these conditions were the same reasons for the failed inspections. Obviously, violations were not the kind that developed overnight or even over long periods of time. These were *construction* defects and omissions; the building violated the codes continuously up to the point of discovery after the sale to Buyer. The fact that the violations were not detected in previous inspections had little or no bearing on their existence on February 14, 1986. The evidence that the violations must, as a matter of fact, have existed on the date of sale is compelling. Evidence that the premises passed previous inspections goes no further than to indicate that the inspectors, on those occasions, failed to properly carry out their duties.

Therefore, we hold that the trial court's finding of fact that the warranty was not breached is against the great weight and

preponderance of the evidence. Buyer's first three points of error are sustained.

■ The fourth point relates to the acceleration of the note given in partial payment for the restaurant. As we hold that the "breach of contract" finding of fact is not sufficiently supported by the evidence, the "acceleration" finding based on Buyer's breach is similarly against the great weight and preponderance of the evidence. The fourth point is sustained.

The judgment of the trial court is reversed and this cause is remanded for a new trial.