**E. C., Jr. and S. C., minor children, By and Through their Guardian Ad Litem, Lilia A. GONZALES, Appellants,**

v.

**George GRAYDON and Isabel Graydon, Appellees.**

**No. 13–99–137–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 2000.

Lilia Abrego Gonzales, Brownsville, for Appellants.

Angela P. Nix, Louis Sorolla, Brownsville, for Appellees.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

Appellants, E.C., Jr. and S.C., minor children, by and through their guardian ad litem, Lilia A. Gonzales, appeal from the trial court's judgment in a Suit Affecting

the Parent–Child Relationship. The biological parents of E.C., Jr. are E.C., Sr. and Elvia Zavala. E.C., Sr. was appointed Managing Conservator of E.C., Jr. when Elvia Zavala's parental rights were terminated. E.C., Sr. married Maria Sanchez (Maria) in 1989. In 1990, S.C. was born to Maria and E.C., Sr. Appellees, George and Isabel Graydon are the paternal grandparents of E.C., Jr. and S.C. In 1992, E.C., Sr. was sentenced in New York to three life sentences in prison.

By three issues, appellants contend: (1) the trial court erred in denying a continuance to Maria's attorney; (2) the trial court erred in signing a judgment which denied E.C., Jr. the right to spend Mother's Day with Maria; and (3) the trial court erred and abused its discretion by awarding the Graydons a standard possession order, rather than reasonable access to S.C.

As to E.C., Jr., we affirm the trial court's judgment. As to S.C., we reverse the trial court's judgment that the Graydons have a standard possession order and remand that part of the case to the trial court for further proceedings consistent with this opinion.

## 1. BACKGROUND AND PROCEDURAL HISTORY

On August 13, 1996, the Graydons filed their First Amended Original Petition in Suit Affecting Parent–Child Relationship. In the petition, the Graydons sought managing conservatorship of E.C., Jr. and possessory conservatorship of S.C. E.C., Sr., by affidavit, consented to the filing of the action.

On August 14, 1996, the trial court issued temporary orders appointing Maria Temporary Managing Conservator of E.C., Jr., and Isabel Graydon Temporary Possessory Conservator. On August 19, 1996, the trial court appointed Janet Leal guardian ad litem of E.C., Jr. and S.C. On December 17, 1996, the case was set for a jury trial on March 10, 1997. At the time, Maria's attorney of record was Ben Neece.

The case was continued several times, and on November 24, 1998, the case was set for trial on February 16, 1999.

On November 30, 1998, Ben Neece filed a motion to withdraw as counsel. On December 31, 1998, Janet Leal filed a motion to withdraw as the children's guardian ad litem. The court granted Leal's motion on January 5, 1999, and Neece's motion on January 7, 1999. The trial court appointed Lilia Gonzales as the children's guardian ad litem on January 15, 1999. On February 12, 1999, Louis Sorola appeared as counsel for Maria and requested a continuance so that he could prepare for the trial since he had just been retained. The trial court denied the motion.

On February 19, 1999, the jury returned a verdict finding that the Graydons should be appointed Sole Managing Conservators of E.C., Jr. The trial court appointed the Graydons Sole Managing Conservators of E.C., Jr., and appointed Maria Sole Possessory Conservator of E.C., Jr. The trial court also appointed Maria Sole Managing Conservator of S.C., and gave the Graydons grandparent access to S.C.

## 2. MOTION FOR CONTINUANCE OF MARIA SANCHEZ

In their first issue, appellants assert the trial court erred in denying Maria's motion for continuance. Appellants complain it was an abuse of discretion for the trial court to deny the continuance because the court allowed Maria's attorney to withdraw one month before trial, and because her economic situation made it difficult to retain a new attorney. Appellants contend the trial court should have granted Maria's motion for continuance so that her new attorney could investigate her case. Appellants further assert that as a result of the denial of the continuance, "Attorney Sorola and Attorney Gonzales were not able to defend the interests of Maria, E.C., Jr., and S.C. to remain together as a fami-

ly." [1]

The record reflects, however, that the alleged complaint was preserved by Maria, not appellants. Maria's attorney announced "not ready" at trial and requested a continuance. Attorney Gonzales, appellants' guardian ad litem, announced "ready." [2] The trial court denied Maria's request for a continuance. In accordance with Texas Rule of Appellate Procedure 33, Maria preserved the complaint for our review; appellants did not. *See* TEX.R.APP. P. 33.

Assuming, *arguendo*, that appellants did preserve this complaint for our review, the announcement of "ready" waived the motion for continuance. *See Reyna v. Reyna*, 738 S.W.2d 772, 775 (Tex.App.—Austin 1987, no writ) (announcement of "ready" waives the right to later seek a delay based upon any facts that are, or with proper diligence should have been, known at the time of the announcement).

### 3. IN THE INTEREST OF E.C., JR., A MINOR CHILD

By their second issue, appellants complain the trial court erred in signing the judgment because it does not have the standard possession order for Mother's Day set out in the family code.[3] Appellants contend the terms and conditions of the family code's standard possession order for Mother's Day is a mandatory provision.

Maria was appointed Sole Possessory Conservator of E.C., Jr. and was given possession of E.C., Jr. on Mother's Day as follows:

10. *Mother's Day.* If MARIA MAGDALENA SANCHEZ is not otherwise entitled under this Standard Possession Order to present possession of the child on Mother's Day, she shall have possession of the child beginning at 6:00 P.M. and ending at 8:00 P.M. on that day provided that she picks up the child from the residence of the GRAYDONS and returns the child to that same place.

E.C., Jr. contends that the Graydons' strong desire to terminate the bond between Maria and himself led them to prepare a proposed judgment, which was signed by the judge, that offered only two hours on Mother's Day for visitation between himself and Maria. Because E.C., Jr. wants to spend Mother's Day with Maria, appellants argue that family code section 153.251 provides that a possessory conservator shall be granted a standard possession order, and the trial court signed a judgment that disregarded this provision. The Graydons argue that Maria is not the biological or adoptive mother of E.C., Jr., and technically does not fall under the terms set out for Mother's Day visitation in the family code's standard possession order.

The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to a child. TEX. FAM.CODE ANN. § 153.002 (Vernon 1996). Trial courts have wide discretion in determining what is in the best interest of the child. *Weimer v. Weimer*, 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi 1990, no writ). The trial court's judgment regarding what serves the best interest of the

---

1. E.C., Jr. and S.C. say that the guardian ad litem was appointed in January 1999, and that she did not speak to them prior to the trial. This fact is not relevant to the issue of Maria's motion for continuance. But if Ms. Gonzales did not speak with the children before the trial, she probably should not have announced ready for trial.

2. As the children's guardian ad litem, Gonzales represented the interests of E.C., Jr. and

S.C., *not* Maria. *See Ray v. Burns*, 832 S.W.2d 431, 436 (Tex.App.—Waco 1992, no writ).

3. An order that provides for possession in accordance with the terms and conditions of the guidelines is termed a standard possession order. TEX. FAM.CODE ANN. § 101.029 (Vernon 1996).

children with regard to child support and visitation, specifically the establishment of terms and conditions of the conservatorship, is a discretionary function of the trial court and will only be reversed upon a determination that the trial court has abused its discretion. *MacCallum v. Mac-Callum*, 801 S.W.2d 579, 582 (Tex.App.— Corpus Christi 1990, writ denied). This is because the trial court is in the best position to observe the demeanor and personalities of the witnesses and can feel forces, powers, and influences that cannot be discerned by merely reading the record. *In the Interest of T____*, 715 S.W.2d 416, 418 (Tex.App.—Dallas 1986, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990).

If a possessory conservator is appointed, the court must specify that person's rights and duties, and must specify and expressly state in the order the times and conditions for possession of or access to the child. TEX. FAM.CODE. ANN. § 153.006(c) (Vernon 1996).

In the present case, the court gave Maria possession of E.C., Jr. from 6:00 p.m. to 8:00 p.m. on Mother's Day. The guidelines referred to by appellant as requiring standard possession order visitation on Mother's Day appear on their face to apply to only a parent possessory conservator.[4]

Section 153.251 reads: the guidelines established in the standard possession order are intended to guide the courts in ordering the terms and conditions for possession of a child *by a parent named as a possessory conservator* or as the minimum possession for a joint managing conservator. TEX. FAM.CODE ANN. § 153.251(a) (Vernon 1996) (emphasis added). Further, the standard possession order set forth in section 153.314:

> (6) if a conservator, *the mother* shall have possession of the child beginning at 6 p.m. on the Friday preceding Mother's Day and ending on Mother's Day at 6 p.m., provided that, if she is not otherwise entitled under this standard order to present possession of the child, she picks up the child from the residence of the conservator entitled to possession and returns the child to that same place.

TEX. FAM.CODE ANN. § 153.314(6) (Vernon 1996) (emphasis added).

 A statute shall be liberally construed to achieve its purpose and promote justice. TEX. GOV'T CODE ANN. § 312.006 (Vernon 1998). Regardless of whether we find that the standard possession order applies to Maria or not, section 153.251 states that "the guidelines established in the standard possession order are intended to *guide* the courts in ordering the terms and conditions for possession...." *See* TEX. FAM.CODE ANN. § 153.251(a) (Vernon 1996). Thus, the standard possession order serves as a tool for determining pos-

4. The family code separates the discussion of a parent possessory conservator in subchapter E and a nonparent conservator in subchapter G. In between the two, subchapter F discusses the terms and conditions of a standard possession order. The title of the sections in subchapter F appear to refer only to parent conservators because the word "parent" is used in the titles (*i.e.*, section 153.312 Parents Who Reside 100 Miles or Less Apart); but we note that sometimes the word "parent" in a statute includes one who merely occupies the position of a parent. *See Hendricks v. Curry*, 401 S.W.2d 796, 801 (Tex.1966); *see also* TEX. GOV'T CODE ANN. section 311.023 (Vernon 1998) ("In construing a statute, whether or not the statute is considered ambiguous on its face, a court may consider among other matters the: (7) title (caption) ....") and TEX. GOV'T CODE ANN. section 311.024 (Vernon 1998) ("The heading of a title, subtitle, chapter, subchapter, or section does not limit or expand the meaning of a statute."). We do not attempt to decide whether subchapter F's guidelines for a standard possession order applies to nonparents because regardless of its application the trial court has the ability to consider the best interest of the child and construct the possession order accordingly, which may require the court to deviate from the guidelines. The standard possession order serves as a guide, but the court's main consideration is the best interest of the child.

session, and the court has the ability to alter the terms when it is in the best interest of the child and devise a possession order that is suitable for the custody situation at issue.

In this instance, the order allowed Maria two hours with E.C., Jr. on Mother's Day. After reviewing the record, we conclude it was not an abuse of discretion for the trial court to limit Maria's possession of E.C., Jr. on Mother's Day to two hours, given that the time allocation allows E.C., Jr. to celebrate Mother's Day with Maria and separately with the Graydons.

We note that E.C., Jr. testified he considers Maria his mom. However, the trial court was in the best position to determine the best interest of E.C., Jr., and we will not reverse this determination absent an abuse of discretion. Because we find the trial court did not abuse its discretion, we overrule appellants' second issue.

### 4. IN THE INTEREST OF S.C., A MINOR CHILD

In their third issue on appeal, appellants contend the trial court erred in granting the Graydons a standard possession order rather than reasonable access to S.C. Appellants argue that it is not in S.C.'s best interest that the Graydons have possession of her beyond the second and fourth weekend of the month.

The judgment of the trial court appointed Maria as Sole Managing Conservator of S.C., and awarded the Graydons "grandparent access to the minor child, S.C., and afforded standard family code visitation with such child as stated in this Order." The standard possession order then gave the Graydons "possession of" S.C. on:

(1) the second and fourth weekend of each month;

(2) in odd-numbered years, beginning at 6 p.m. on the day school is dismissed for the Christmas school vacation to noon on December 27th; in even-numbered years, beginning at noon on December 26th and ending at 6 p.m. the day before school resumes;

(3) in even-numbered years, beginning at 6 p.m. on the day S.C. is dismissed from school before Thanksgiving and ending at 6 p.m. on the day before school resumes;

(4) spring break in odd-numbered years;

(5) thirty days during summer vacation;

(6) from 6 p.m. to 8 p.m. on S.C.'s birthday;

(7) on 6 p.m. on the Friday preceding Father's Day and ending at 6 p.m. on Father's Day; and

(8) 4 p.m. to 6 p.m. on Mother's Day.

Appellants argue that the judgment goes beyond reasonable access to S.C.

Section 153.433 of the family code provides:

The court shall order reasonable access to a grandchild by a grandparent if:

(1) at the time the relief is requested, at least one biological or adoptive parent of the child has not had that parent's parental rights terminated; and

(2) access is in the best interest of the child, and at least one of the following facts is present:

(A) the grandparent requesting access to the child is a parent of a parent of the child and that parent of the child has been incarcerated in jail or prison during the three-month period preceding the filing of the petition or has been found by a court to be incompetent or is dead;

(B) the parents of the child are divorced or have been living apart for the three-month period preceding the filing of the petition or a suit for the dissolution of the parents' marriage is pending;

(C) the child has been abused or neglected by a parent of the child;

(D) the child has been adjudicated to be a child in need of supervision

or a delinquent child under Title 3;

(E) the grandparent requesting access to the child is the parent of a person whose parent-child relationship with the child has been terminated by court order; or

(F) the child has resided with the grandparent requesting access to the child for at least six months within the 24–month period preceding the filing of the petition.

TEX. FAM.CODE ANN. § 153.433 (Vernon Supp.2000).

In this case, Isabel Graydon is the parent of E.C., Sr., who is serving three life sentences in a New York prison. The question appellants bring before us is whether the access given to the Graydons constitutes reasonable access.

■ It is within the trial court's discretionary authority to determine reasonable access to S.C. *See In re Webster*, 982 S.W.2d 526, 528 (Tex.App.—Amarillo 1998, no pet.) (trial court abused its discretion by delegating its discretionary authority to determine reasonable access to a child to the Texas Department of Protective and Regulatory Services). The family code, in section 153.433, only allows a trial court to grant a grandparent reasonable access to, not possession of, a grandchild. *See* TEX. FAM.CODE ANN. § 153.433 (Vernon Supp. 2000).

■ The family code does not define the terms "possession" and "access." When a statute does not define a term, we apply the term's ordinary meaning. *Hopkins v. Spring Indep. Sch. Dist.*, 736 S.W.2d 617, 619 (Tex.1987); *Alexander v. State*, 803 S.W.2d 852, 855 (Tex.App.—Corpus Christi 1991, writ denied). We consult generally accepted sources for common and legal definitions of words. *Alexander*, 803 S.W.2d at 855.

"Access" means:

freedom of approach or communication; or the means, power, or opportunity of approaching, communicating or passing to and from ... "Access" to property does not necessarily carry with it possession.

BLACK'S LAW DICTIONARY 13 (6th ed.1990).

"Possession" means:

the detention and control, or the manual or ideal custody, of anything which may be the subject of property for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name. Act or state of possessing. That condition of facts under which one can exercise his power over a corporeal thing at his pleasure to the exclusion of all other persons.

BLACK'S LAW DICTIONARY 1163 (6th ed.1990).

■ Children are not property; however, they are subject to control by their parents and conservators. The distinction we glean between "access to" and "possession of" children is the distinction between access to and possession of property. *Hopkins v. Hopkins*, 853 S.W.2d 134, 137 (Tex.App.—Corpus Christi 1993, no writ.).

■ A person with rights of "access to" children may approach them, communicate with them and visit with them, but may not take possession or control of the children away from the managing conservator. *Id.* A person with rights to "possession of" children may exercise possession and control of the children, to the exclusion of all other persons including the managing conservator, during periods of possession. *Id.* A person with rights of possession of children also has rights and responsibilities toward their care and behavior. *Id.; Cf. Blalock v. Blalock*, 559 S.W.2d 442, 443 (Tex.App.—Houston [14th Dist.] 1977, no writ) (possessory conservator has duty to provide for child during periods of possession but the duty is limited to those periods).

Section 153.433 of the family code only allows a trial court to grant a grandparent reasonable access to, not possession of, a

grandchild. We hold the trial court abused its discretion by ordering that the Graydons have a standard possession order as to S.C. because the order grants the Graydons "possession of" S.C., rather than "reasonable access." Accordingly, we sustain appellants' third issue.

As to E.C., Jr., we affirm the trial court's judgment. As to S.C., we reverse the trial court's judgment that the Graydons have a standard possession order and remand that part of the case to the trial court for further proceedings consistent with this opinion.