NUMBER 13-99-497-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MICHAEL SLAUGHTER
, Appellant,


v.



COURTNEY SLAUGHTER
, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Victoria County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Rodriguez, and Seerden(1)


Opinion by Justice Rodriguez



 Appellant, Michael Slaughter, appeals from the denial of his
motion to modify child support. Appellant complains that the trial court
abused its discretion: (1) in failing to find a material and substantial
change of circumstances had occurred due to appellant's incarceration;
(2) in denying his motion based on findings of fact and conclusions of
law not supported by the evidence; (3) in failing to set appellant's child
support on the basis of the minimum wage presumption;(2) and (4) in
failing to modify the prior orders to delete the requirement that he
provide health insurance for the child. We modify the judgment and, as
modified, affirm.

 Pursuant to a divorce decree of June 6, 1997, appellant was
ordered to provide health insurance and to pay monthly child support
in the amount of $741.00, to appellee, Courtney Slaughter, for the
benefit of their child. On December 18, 1997, appellant filed a motion
to reduce his support obligations. Appellant asserted that because he
was incarcerated in the Texas Department of Criminal Justice, his
circumstances had materially and substantially changed since the
rendition of the child support order. 

 By his first issue, appellant complains the court abused its
discretion in denying his motion to reduce child support. By issues two
and three, appellant complains that there is no evidence or insufficient
evidence to support the court's findings.(3)

 The trial court retains broad discretion in making the equitable
decision of whether to modify child support payments and, absent a
clear abuse of discretion, the trial court's order will not be disturbed on
appeal. See Hoffman v. Hoffman, 805 S.W.2d 848, 851 (Tex. App.--Corpus Christi 1991, writ denied); see also E.C., Jr., and S.C., minor
children, v. Graydon, 28 S.W.3d 825, 828-29 (Tex. App.--Corpus Christi
2000, no pet.) (citing MacCallum v. MacCallum, 801 S.W.2d 579, 582
(Tex. App.--Corpus Christi 1990, writ denied)). The test for abuse of
discretion is whether the trial court acted in an arbitrary or
unreasonable manner; in other words, whether the court acted without
reference to any guiding rules or principles. See Seidel v. Seidel, 10
S.W.3d 365, 368 (Tex. App.--Dallas 1999, no pet.); Mai v. Mai, 853
S.W.2d 615, 618 (Tex. App.--Houston [1st Dist.] 1993, no writ). Under
an abuse of discretion standard in a family law context, errors premised
on the insufficiency of the evidence are not segregable from an abuse
of discretion issue. Scott v. Younts, 926 S.W.2d 415, 420-21 (Tex.
App.--Corpus Christi 1996, writ denied) (citations omitted). Therefore,
we will consider the sufficiency of the evidence in our analysis of points
one, two and three.

 "Findings of fact entered in a case tried to a court are of the same
force and dignity as a jury's verdict upon special issues." Seidel, 10
S.W.3d at 368 (quoting Rapp Collins Worldwide, Inc. v. Mohr, 982
S.W.2d 478, 481 (Tex. App.--Dallas 1998, no pet.)). We therefore apply
the same standards in reviewing the legal and factual sufficiency of
evidence supporting the trial court's fact findings as we do when
reviewing the legal and factual sufficiency of evidence supporting a
jury's answer to a special issue. See Seidel, 10 S.W.3d at 368 (citation
omitted).(4)
 However, the court's findings of fact are not conclusive
when the record contains a complete statement of facts. See Scott, 926
S.W.2d at 421 (citing Swanson v. Swanson, 228 S.W.2d 156, 158 (Tex.
1950)).

 In order to modify a child support order, the Texas Family Code
requires the movant to show there has been a material and substantial
change in the circumstances of a child or a person affected by the order
since the time the order was rendered. See Tex. Fam. Code Ann. §
156.401 (Vernon Supp. 2001). The best interest of the child shall
always be the trial court's primary consideration in determining
questions of child support. See MacCallum, 801 S.W.2d at 582
(citation omitted); see also Tex. Fam. Code Ann. §§ 156.122, 156.123
(Vernon Supp. 2001). The trial court has wide discretion in determining
what is in the best interest of the child. See MacCallum, 801 S.W.2d
at 582 (citing Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982)). 
Moreover, the trial court is in the best position to observe each
witness's demeanor and personality, and can feel forces, powers, and
influences that cannot be discerned by merely reading the record. See
E.C., Jr., 28 S.W.3d 829 (citing In re T            , 715 S.W.2d 417, 418
(Tex. App.--Dallas 1986, no writ)); see also Corpus Christi Teachers'
Credit Union v. Hernandez, 814 S.W.2d 195, 197 (Tex. App.--San
Antonio 1991, no writ) (fact finder's role is to judge credibility of
evidence, assign weight given to testimony and resolve inconsistencies
within or conflicts among witnesses' testimony). 

 Appellant asserts that he has no assets and no earnings in prison,
therefore, he should not be obligated to pay child support.(5) This
argument was made and rejected in Hollifield v. Hollifield, 925 S.W.2d
153, 154 (Tex. App.--Austin 1996, no writ). We recognize, as did the
Hollifield Court, that the trial court, having wide discretion in
determining the best interest of the child, may consider a wide range of
factors in setting support obligations. See id. In determining whether
to modify an existing child support order, a court may consider the
guidelines contained in Chapter 154 of the family code, but the court
may also consider any other relevant evidence. See e.g. Tex. Fam. Code
Ann. § 154.125 (Vernon 1996) (establishing guidelines according to
number of children, where obligor's net resources are less than $6,000
per month); Tex. Fam. Code Ann. § 154.123 (Vernon 1996) (additional
factors to be considered by trial court, including any financial resources
available); Tex. Fam. Code Ann. § 156.402 (Vernon Supp. 2001) (court
may consider other relevant evidence in addition to factors listed in
guidelines). It is apparent from our review of the record that the trial
court considered not only appellant's earning potential, but other
financial resources available for the support of his child.

 We first note that some inmates can earn income while in prison,
and often enter prison with assets from past employment. See In re
M.M., 980 S.W.2d 699, 701 (Tex. App.--San Antonio 1998, no pet.). 
In addition, as the San Antonio Court of Appeals has set out, "although
[the obligor] may not be able to make payments now, the assessment
makes it possible . . . to collect arrearages should his financial condition
improve in the future." See id. at 701 (citing Tex. Fam. Code Ann. §
154.123(b)(17) (Vernon Supp. 2001) (allowing trial court to deviate from
guidelines if in best interest of child)).

 At the time of the hearing on appellant's motion to modify,
appellant owned a savings and investment plan in the amount of
approximately $24,000.(6) The record also reveals that after monthly
child support was ordered in the amount of $740.00 and immediately
prior to the time he was incarcerated, appellant transferred ownership
of his residence and a 3.8 acre tract of land to his father. The combined
value of the house and land was approximately $60,000.00. 
Furthermore, appellant's father, the only witness who testified at the
hearing, informed the court that he received monthly rent in the amount
of $400.00 from the house. Additionally, appellant sold his pickup truck
which was valued at $14,000, less a debt of $1,600. It is apparent that
appellant had resources from which he could have paid his child
support, had he chosen to do so. Appellant's father testified the asserts
were transferred or sold in order to pay his son's legal fees and loans. 
However, appellant's father did not know how much his son owed, and
conceded that despite his agreement to pay the fees, not all had been
paid. He testified that he had not discussed what would happen to the
property when appellant was released from prison.

 Applying the legal rules set out above to this case, we conclude
that the trial court's order denying appellant's motion to modify did not
amount to an abuse of discretion. The order was supported by
substantial evidence, more than a scintilla, and it was also not against
the great weight and preponderance of the evidence. We overrule
appellant's first, second and third issues.

 By his fourth issue, appellant contends the trial court abused its
discretion in not reducing his child support to $195.75 per month based
on the statutory presumption found in section 154.068 of the Texas
Family Code. We disagree. Section 154.068 provides that, "[i]n the
absence of the wage and salary income of a party, the court shall
presume that the party has wages or salary equal to the federal
minimum wage for a 40-hour week." Tex. Fam. Code Ann. § 154.068
(Vernon 1996). The court, however, is under no duty to set an obligor's
child support on the basis of the federal minimum wage standard. See
id. Rather, the court must impose at least the minimum wage if there
is no other evidence regarding his wages. See id. The established
wage is then utilized to calculate the obligor's "net resources" pursuant
to section 154.062 of the family code. See Tex. Fam. Code Ann. §
154.062 (Vernon 1996). Furthermore, in applying the guidelines to the
net resources, the trial court may deviate from the guidelines when their
application would be inappropriate or unjust under the circumstances. 
See Tex. Fam. Code Ann. §§ 154.121--154.125 (Vernon 1996). 
Accordingly, based on our review of the record before us, we conclude
that the trial court did not abuse its discretion in refusing to set
appellant's child support obligation based solely on minimum wage.

 Finally, in his fifth issue, appellant contends the trial court abused
its discretion in denying his motion to modify on the issue of providing
health insurance for his child. We note that, at the hearing on
appellant's motion to modify, appellee advised the trial court that if the
child support remained at $741.00 per month, she would assume
responsibility for health insurance that was otherwise ordered to be
provided by appellant. We conclude, therefore, because we have
affirmed the monetary support as ordered, the trial court's judgment
should be modified to reflect appellee's concession regarding health
insurance. Appellant's fifth issue is sustained.

 Accordingly, we modify the judgment to provide that appellee shall
provide and pay for health insurance for the child, and, as modified,
affirm the judgment of the trial court.


 NELDA V. RODRIGUEZ

 Justice


Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 26th day of April, 2001.

 

1. Senior Justice Robert J. Seerden assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code
Ann. § 74.003 (Vernon 1998).
2. See Tex. Fam. Code Ann. § 154.068 (Vernon 1996).
3. Appellant specifically complains of the following findings of fact:


* * * * *


 4. MICHAEL SLAUGHTER engaged in criminal
activity prior to the entry of the Final Decree of
Divorce which resulted in his felony conviction
and incarceration with the Texas Department of
Criminal Justice on September 9, 1997;


 5. Immediately prior to his incarceration, MICHAEL
SLAUGHTER owned real and personal property
with a value sufficient to pay his child support
during his period of incarceration;


 6. At or about the time of his incarceration,
MICHAEL SLAUGHTER conveyed real property
to his father, MILTON SLAUGHTER, JR., for no
consideration;


 7. The amount of MICHAEL SLAUGHTER's current
net resources is significantly less than what the
Petitioner could be earning but for his choice to
engage in activity which caused him to be
incarcerated;


 8. At the time of his incarceration and at the time
of the hearing on the motion to modify,
MICHAEL SLAUGHTER owned an interest in
Lyondell Petrochemical Company 401(k) and
Savings Plan with a balance of $24,475.10 as of
December 31, 1998; and


* * * * *


 11. The circumstances of the child have not
materially and substantially changed since the
rendition of the Final Decree of Divorce.

4. When reviewing legal sufficiency, we must view the record evidence in
the light most favorable to the factfinder's decision. See Formosa Plastics
Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex.
1998); Hines v. Comm'n for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex.
App.--Corpus Christi 2000, no pet.). If there is more than a scintilla of
evidence offered to support the finding, the legal sufficiency challenge fails. 
See Formosa Plastics, 960 S.W.2d at 48; Stafford v. Stafford, 726 S.W.2d 14,
16 (Tex. 1987). In reviewing a factual sufficiency challenge, we consider,
weigh and examine all of the evidence which supports or undermines the
finding of the trier of fact. See Plas-Tex, Inc. v. United States Steele Corp.,
772 S.W.2d 442, 445 (Tex. 1989). We overturn findings only if they are so
against the great weight and preponderance of the evidence as to be clearly
wrong and unjust. See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).

5. To the extent appellant asserts the argument that he is unemployed,
whether it be characterized as voluntary or involuntary unemployment, his
argument is not persuasive. "[U]nemployment is but one factor for the court
to consider in exercising its broad discretion to modify existing support
obligations in light of the best interests of the [child]." Hollifield v. Hollifield,
925 S.W.2d 153, 156 (Tex. App.--Austin 1996, no writ) (citations omitted);
see Tex. Fam. Code Ann. §§ 156.401 & 156.401 (Vernon Supp. 2001). 
Furthermore, the Hollifield court determined that even if Hollifield was, in fact,
involuntarily unemployed, this fact alone would not require the trial court to
rescind his support obligations. Hollifield, 925 S.W.2d at 156.
6. We note the record reflects loan balances on the investment fund as of
December 31, 1998, in the amount of approximately $10,000, leaving a net
value of $14,000.