IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00370-CV

 

In
the Interest of

J.C.,
F.A., A.A., A.A., G.A., and V.A., Children,

 

 

 

 



From the 74th District
Court

McLennan County, Texas

Trial Court No. 2008-3587-3

 



MEMORANDUM  Opinion



 

P.P. (the mother) and A.A. (the father)
appeal the trial court’s order of termination of their parental rights as to
their six and five children, respectively (A.A. was not the father of one of
P.P.’s six children), after a jury trial.  P.P. raises one issue and A.A.
raises two issues.  We will affirm.

In a proceeding to terminate the
parent-child relationship brought under section 161.001 of the Texas Family
Code, the Department must establish by clear and convincing evidence two
elements:  (1) one or more acts or omissions enumerated under subsection (1) of
section 161.001; and (2) that termination is in the best interest of the
child.  Tex. Fam. Code Ann. §
161.001 (Vernon Supp. 2009);
Swate v. Swate, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied).

P.P.’s and A.A.’s parental rights were
terminated based on jury findings that termination was in the best interest of
the children and on three grounds under subsection (1) of section 161.001,
including subsection 161.001(1)(O):  they failed
to comply with the provisions of a court order that specifically established
the actions necessary for them to obtain the return of the children, who had
been in the permanent or temporary managing conservatorship of the Department
for not less than nine months as a result of the children’s removal from the
parents under Chapter 262 for the abuse or neglect of the children.  See
Tex.
Fam. Code Ann. §
161.001(1)(O).

P.P.’s sole issue and A.A.’s first issue
are identical.  They assert that the trial court abused its discretion by
denying their request for a 180-day extension under subsection 263.401(b),
which they both sought on the ground that they needed more time to accomplish
the tasks in their service plans because they both had been incarcerated after
pleading guilty to child endangerment.[1]

An appellate court may not consider any
issue that was not specifically presented to the trial court in a timely filed
statement of the points on which the party intends to appeal or in a statement
combined with a motion for new trial.  Tex.
Fam. Code Ann. § 263.405(i) (Vernon 2008).  P.P. and A.P. filed
statements of points and motions for new trial, but these two issues were not
included, and neither party asserts the unconstitutionality of subsection
263.405(i).  See, e.g., In re D.W., 249 S.W.3d 625, 645 (Tex. App.—Fort
Worth), pet. denied per curiam, 260 S.W.3d 462 (Tex. 2008); In re
D.M., 244 S.W.3d 397, 415 (Tex. App.—Waco 2007, no pet.) (op. on reh’g). 
We thus may not consider P.P.’s sole issue and A.A.’s first issue, which we
dismiss.  See In re E.A.R., 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no
pet.).  Furthermore, by both announcing “ready” for trial, P.P. and A.A. waived
or failed to preserve their complaints.  See E.C., Jr. ex rel. Gonzales v.
Graydon, 28 S.W.3d 825, 828 (Tex. App.—Corpus Christi 2000, no pet.); Reyna
v. Reyna, 738 S.W.2d 772, 775 (Tex. App.—Austin 1987, no writ).

A.A’s second issue complains that, with
respect to the subsection 161.001(1)(O) ground for termination, the trial court
abused its discretion in rejecting his request that the jury be made to find
that his failure to comply with the court-ordered service plan was
“intentional” because he was incarcerated for most of the time in which he was
to comply with the plan.  But A.A.’s parental rights were also terminated based
on subsections 161.001(1)(D) and (E), and if multiple grounds are found by the
trial court as a basis for termination, we will affirm on any one ground.  See
In re T.N.F., 205 S.W.3d 625, 629 (Tex. App.—Waco 2006, pet. denied).  An
appellant must challenge each predicate ground for termination or at a minimum
the best-interest finding.  In re S.N., 272 S.W.3d 45, 49 (Tex.
App.—Waco 2008, no pet.).

            Because A.A. does not
challenge termination on subsections 161.001(1)(D) and (E) or the best-interest
finding, his second issue is overruled as moot.

 

We affirm the trial court’s order of
termination.

 

 

REX
D. DAVIS

Justice

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed April 28, 2010

[CV06]

 








 









[1] Unless trial commences
or an extension is granted within a year of the date the petition was filed,
the trial court must dismiss the case.  Tex.
Fam. Code Ann. § 263.401(a) (Vernon 2008).  The trial court may not
grant an extension unless it finds that extraordinary circumstances necessitate
the child remaining in the temporary managing conservatorship of the department
and that continuing the appointment of the department as temporary managing
conservator is in the best interest of the child.  Id. § 263.401(b).