

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00370-CV

## IN THE INTEREST OF
## J.C., F.A., A.A., A.A., G.A., AND V.A., CHILDREN,

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2008-3587-3**

## MEMORANDUM OPINION

P.P. (the mother) and A.A. (the father) appeal the trial court's order of termination of their parental rights as to their six and five children, respectively (A.A. was not the father of one of P.P.'s six children), after a jury trial. P.P. raises one issue and A.A. raises two issues. We will affirm.

In a proceeding to terminate the parent-child relationship brought under section 161.001 of the Texas Family Code, the Department must establish by clear and convincing evidence two elements: (1) one or more acts or omissions enumerated under subsection (1) of section 161.001; and (2) that termination is in the best interest of

the child. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp. 2009); *Swate v. Swate*, 72 S.W.3d 763, 766 (Tex. App.—Waco 2002, pet. denied).

P.P.'s and A.A.'s parental rights were terminated based on jury findings that termination was in the best interest of the children and on three grounds under subsection (1) of section 161.001, including subsection 161.001(1)(O): they failed to comply with the provisions of a court order that specifically established the actions necessary for them to obtain the return of the children, who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from the parents under Chapter 262 for the abuse or neglect of the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(O).

P.P.'s sole issue and A.A.'s first issue are identical. They assert that the trial court abused its discretion by denying their request for a 180-day extension under subsection 263.401(b), which they both sought on the ground that they needed more time to accomplish the tasks in their service plans because they both had been incarcerated after pleading guilty to child endangerment.[1]

An appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008). P.P. and A.P. filed statements of points and

---

[1] Unless trial commences or an extension is granted within a year of the date the petition was filed, the trial court must dismiss the case. TEX. FAM. CODE ANN. § 263.401(a) (Vernon 2008). The trial court may not grant an extension unless it finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. *Id.* § 263.401(b).

motions for new trial, but these two issues were not included, and neither party asserts the unconstitutionality of subsection 263.405(i). *See, e.g., In re D.W.,* 249 S.W.3d 625, 645 (Tex. App.—Fort Worth), *pet. denied per curiam,* 260 S.W.3d 462 (Tex. 2008); *In re D.M.,* 244 S.W.3d 397, 415 (Tex. App.—Waco 2007, no pet.) (op. on reh'g).  We thus may not consider P.P.'s sole issue and A.A.'s first issue, which we dismiss.  *See In re E.A.R.,* 201 S.W.3d 813, 814 (Tex. App.—Waco 2006, no pet.).  Furthermore, by both announcing "ready" for trial, P.P. and A.A. waived or failed to preserve their complaints.  *See E.C., Jr. ex rel. Gonzales v. Graydon,* 28 S.W.3d 825, 828 (Tex. App.—Corpus Christi 2000, no pet.); *Reyna v. Reyna,* 738 S.W.2d 772, 775 (Tex. App.—Austin 1987, no writ).

A.A's second issue complains that, with respect to the subsection 161.001(1)(O) ground for termination, the trial court abused its discretion in rejecting his request that the jury be made to find that his failure to comply with the court-ordered service plan was "intentional" because he was incarcerated for most of the time in which he was to comply with the plan.  But A.A.'s parental rights were also terminated based on subsections 161.001(1)(D) and (E), and if multiple grounds are found by the trial court as a basis for termination, we will affirm on any one ground.  *See In re T.N.F.,* 205 S.W.3d 625, 629 (Tex. App.—Waco 2006, pet. denied).  An appellant must challenge each predicate ground for termination or at a minimum the best-interest finding.  *In re S.N.,* 272 S.W.3d 45, 49 (Tex. App.—Waco 2008, no pet.).

Because A.A. does not challenge termination on subsections 161.001(1)(D) and (E) or the best-interest finding, his second issue is overruled as moot.

We affirm the trial court's order of termination.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed April 28, 2010
[CV06]