PD-0382-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/3/2015 3:09:46 PM
Accepted 4/3/2015 3:34:21 PM
ABEL ACOSTA
CLERK

No. _____

## COURT OF CRIMINAL APPEALS OF TEXAS

_____

### JOHN DELOACH,
#### Petitioner,

#### v.

### STATE OF TEXAS,
#### Respondent.

_____

### On Petition for Review from the Court of Appeals for the
### Fourth District Court of Texas
### San Antonio, Texas

_____

## PETITION FOR DISCRETIONARY REVIEW

_____

FILED IN
COURT OF CRIMINAL APPEALS

April 3, 2015

ABEL ACOSTA, CLERK

Mark J. Cannan
State Bar No. 03743800
CLEMENS & SPENCER
112 E. Pecan St., Suite 1300
San Antonio, Texas  78205
(210) 227-7121 - Telephone
(210) 227-0732 – Facsimile
Email:  cannanm@clemens-spencer.com

Carleton B. Spears
State Bar No. 18893800
Carleton B. Spears, P.C.
330 North Park
San Antonio, Texas  78216
(210) 366-3100 – Telephone
(210) 375-8588 – Telecopier
Email:  carleton@carletonspears.com

**ATTORNEYS FOR PETITIONER,
JOHN DELOACH**

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

1.  **Trial Court:**  Hon. Robert Lipo, Judge, San Antonio Municipal Court

2.  **Initial Appeal:**  Hon. Scott Roberts, Judge, Bexar County Court at Law No. 12

3.  **Parties:**  State of Texas/City of San Antonio and John DeLoach

4.  **Trial and appellate counsel for the State of Texas:**
    Samuel C.W. Adams, Assistant City Attorney
    State Bar No. 24003680
    Savita Rai, Assistant City Attorney
    State Bar No. 24013368
    Office of the City Attorney – San Antonio
    401 S. Frio
    San Antonio, Texas  78207
    (210) 207-7335 - Telephone
    (210) 207-7358 – Telecopier
    Email:  Samuel.Adams@sanantonio.gov
            Savita.Rai@sanantonio.gov

    Dan Pozza
    State Bar No. 16224800
    Attorney at Law
    239 E. Commerce St.
    San Antonio, Texas  78205
    (210) 226-8888 - Telephone
    (210) 224-6373 - Telecopier
    Email:  danpozza@yahoo.com

    **Trial and appellate counsel for John DeLoach:**
    Mark J. Cannan
    State Bar No. 03743800
    Clemens & Spencer
    112 E. Pecan St., Suite 1300
    San Antonio, Texas  78205-1531
    (210) 227-7121 - Telephone
    (210) 227-0732 – Facsimile
    Email:  cannanm@clemens-spencer.com

Carleton B. Spears
State Bar No. 18893800
Carleton B. Spears, P.C.
330 North Park
San Antonio, Texas  78216
(210) 366-3100 – Telephone
(210) 375-8588 – Telecopier
Email:  carleton@carletonspears.com

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES AND COUNSEL ......................................... i, ii

TABLE OF CONTENTS .................................................................. iii

INDEX OF AUTHORITIES................................................................iv, v

STATEMENT REGARDING ORAL ARGUMENT ............................................1

STATEMENT OF THE CASE ..............................................................2

STATEMENT OF PROCEDURAL HISTORY................................................2

GROUNDS FOR REVIEW .................................................................3

ARGUMENT ..............................................................................3

    Introduction...........................................................................3

    2003 Legislation - A Framework for Local Regulation ...................................4

    San Antonio Ignores Legislature's Requirements .......................................6

    To the Extent of Conflict the City Ordinance is Preempted..............................7

    The Court of Appeals Opinion – A Flawed Analysis......................................9

    Conclusion ...........................................................................11

PRAYER ................................................................................12

CERTIFICATE OF SERVICE ...........................................................13

CERTIFICATE OF COMPLIANCE .......................................................14

APPENDIX..............................................................................15
    A  Fourth Court of Appeals Opinion dated November 19, 2014.
    B  Fourth Court of Appeals Opinion dated March 4, 2015.

# INDEX OF AUTHORITIES

**CASES**:                                                                    **Pages**

*Bay City Federal Savings & Loan Ass'n v. Lewis,*
    474 S.W.2d 459 (Tex. 1971) ...................................................................6

*Bolton v. Sparks*,
    362 S.W.2d 946 (Tex. 1962) ..................................................................8

*French v. State*,
     546 S.W.2d 612 (Tex. Crim. App. 1977) ........................................3, 4

*Honeycutt v. State*,
    627 S.W.2d 417 (Tex. Crim. App. 1981) ..............................................8

*Rountree v. The State of Texas*,
    2012 WL 3612497 (Tex. App.—Corpus Christi 2012, no pet.)..................10, 11

*State v.Chacon*,
    273 S.W.3d 375 (Tex. App.—San Antonio 2008, no pet.) ................................6

**STATUTES, ORDINANCES AND CONSTITUTIONAL**                    **Pages**
**PROVISIONS:**

Acts 2003, 78 Leg., Ch. 1034 (H.B. 849) ...................................................4, 5, 6, 10

San Antonio City Code 19-427 .............................................................6

TEX. ADMIN. CODE § 86.455 .............................................................7

TEX. CONST. Art. XI § 5 .............................................................3, 8

TEX. GOV'T CODE § 311.016(1) and (2) ..............................................8

TEX. OCC. CODE § 2308.202.............................................................4, 5, 10

TEX. OCC. CODE § 2308.203.............................................................4, 5, 6, 7, 8, 10, 11

TRANSPORTATION CODE, § 643.203 ....................................................................5

TRANSPORTATION CODE, § 643.204 ....................................................................5

**OTHER:** **Pages**

*San Antonio Express-News*, January 8, 2015 .........................................................11

Senate Committee on Bus. & Comm., Bill Analysis, HB 849 ..................................9

No. _____

## COURT OF CRIMINAL APPEALS OF TEXAS

---

**JOHN DELOACH,**
Petitioner,

**v.**

**STATE OF TEXAS,**
Respondent.

---

**On Petition for Review from the Court of Appeals for the
Fourth District Court of Texas
San Antonio, Texas**

---

## PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS IN TEXAS:

Now comes Petitioner, John DeLoach, and files his Petition for Discretionary Review.

### STATEMENT REGARDING ORAL ARGUMENT

The issue raised is not complex and requires no detailed appraisal of disputed evidentiary points. As such, oral argument would not appear necessary and Petitioner waives it.

## STATEMENT OF THE CASE

Petitioner John DeLoach ("DeLoach") was charged with violation of a San Antonio Municipal ordinance limiting the charges for a non-consent tow of a motor vehicle. The prosecution was before the Municipal Court of the City of San Antonio. DeLoach filed a Motion to Quash and/or Dismiss the Complaint on the grounds that the City ordinance was inconsistent with and therefore preempted by state statute. That Motion was heard and denied and the case proceeded to trial before the Court. Defendant was found guilty and assessed a fine of $500.00. Defendant's Motion for New Trial was denied and appeal was perfected to the County Courts of Law of Bexar County, Texas.

Sitting as an appellate court, the County Court at Law No. 12 of Bexar County, Texas, found in favor of Defendant DeLoach on the issue of preemption and reversed the ruling of the San Antonio Municipal Court, entering an order dismissing the case. That order was appealed by the State to the Fourth Court of Appeals, San Antonio, Texas. That Court issued an opinion and order reversing the County Court at Law and reinstating the conviction in the San Antonio Municipal Court. It is from that ruling that this appeal is prosecuted.

## STATEMENT OF PROCEDURAL HISTORY

The proceedings before the Fourth Court of Appeals, San Antonio, Texas, were as follows:

November 19, 2014 – Opinion issued and Judgment entered

December 10, 2014 – Order entered extending time to file Motion for Rehearing

December 10, 2014 – Motion for En Banc Reconsideration filed

December 17, 2014 – Order entered requesting Response to Motion for En Banc Reconsideration

March 4, 2015 – Opinion and Judgment of November 19, 2014 withdrawn

March 4, 2015 – Motion for En Banc Reconsideration denied

March 4, 2015 – Opinion issued and Judgment entered

No further motions for rehearing were filed.

## GROUNDS FOR REVIEW

Inconsistency between a 2002 San Antonio City ordinance limiting charges for vehicle tows and the mandates of the state statute regulating such tows cannot be reconciled, rendering the City ordinance under which Mr. DeLoach was convicted violative of Art. XI § 5 of the Texas Constitution.

## ARGUMENT

**Introduction**

Conflict between municipal ordinances and state statutes is addressed in Article 11, § 5 of the Texas Constitution. In relevant part it requires that no ordinance "shall contain any provision inconsistent with … the general laws enacted by the legislature …." As observed by this Court in *French v. State*, 546

S.W.2d 612, 613 (Tex. Crim. App. 1977), that mandate is to be "strictly construed in favor of the dominant power of the legislature."

In its 2003 session, the legislature enacted provisions relating to the regulation of tow trucks and granting certain authority to municipalities within an overall regulatory framework. Acts 2003, 78 Leg., Ch. 1034 (H.B. 849). Although the enactment included a grant of authority for municipalities to regulate fees for towing, it established mandatory provisions to ensure that the allowable fees represented fair value for towing services.[1]

San Antonio has disregarded that mandate and enforced a restriction on towing charges inconsistent with the requirements of the legislative framework. As such, the ordinance under which Mr. DeLoach was convicted should be held unenforceable because preempted by the state statute.

**2003 Legislation - A Framework for Local Regulation**

In 2003 the legislature enacted House Bill 849, described in its caption as "relating to the regulation of tow trucks, to the authority of a political subdivision of the estate to regulate tow trucks, and to insurance for commercial motor vehicles; providing penalties." Acts 2003, 78 Leg., Ch. 1034 (H.B. 849).

---

[1] Those provisions were in section 10 of the Act as amendments to the Transportation Code. Those provisions are now at Tex. Occ. Code §§ 2308.202 and 203.

As indicated by that caption, the enactment covered multiple aspects of the towing industry. It included limitations on fees to be charged by vehicle storage facilities, procedures and fees for registration of tow trucks, requirements of insurance coverage, and provisions relating to offenses and penalties for violations.

At issue are those provisions of HB 849 relating to fees that may be charged or collected in connection with non-consent tows. Section 10 of the bill amended the Transportation Code, adding § 643.203 relating to regulation of tow fees by political subdivisions and § 643.204 regarding towing fee studies in connection with the setting of those charges based on fair value for the services. Those are now at TEX. OCC. CODE §§ 2308.202 and 2308.203. They provide as follows:

"§ 2308.202. Regulation by Political Subdivisions of Fees for Nonconsent Tows

The governing body of a political subdivision may regulate the fees that may be charged or collected in connection with a nonconsent tow originating in the territory of the political subdivision if the private property tow fees:

(1) are authorized by commission rule; and
(2) do not exceed the maximum amount authorized by commission rule.

§ 2308.203. Towing Fee Studies

(a) The governing body of a political subdivision that regulates nonconsent tow fees shall establish procedures by which a towing company may request that a towing fee study be performed.

(b)  The governing body of the political subdivision shall establish or amend the allowable fees for nonconsent tows at amounts that represent the fair value of the services of a towing company and are reasonably related to any financial or accounting information provided to the governing body."

These provisions need be considered in light of the principle that when the legislature delegates certain authority it can be exercised "only in the manner prescribed by the legislature."  *Bay City Federal Savings & Loan Association v. Lewis*, 474 S.W.2d 459, 461 (Tex. 1971).  When the legislature provides a broad framework of regulation, as with the towing industry, thereafter municipalities are only authorized "to enact ordinances within that framework."  *State v. Chacon*, 273 S.W. 3d 375, 379 (Tex. App.—San Antonio 2008, no pet.).

**San Antonio Ignores Legislature's Requirements**

The City of San Antonio had established a limit for vehicle tows in 2002.  Section 19-427 of the ordinances of the City of San Antonio provided that vehicle tow fees could not exceed $85.00.  After the legislature's enactment of House Bill 849, San Antonio was requested to bring its towing ordinance into compliance with that statute's requirements by taking the steps to "amend the allowable fees … at amounts that represent the fair value of the services …."  TEX. OCC. CODE § 2308.203(b).  (RR 11/14, pp. 130-131, Ex. D-5).

Eventually, in 2006 the Finance Department of the City initiated a tow fee study.  The study was conducted by Morris Harris, a rate analyst for that

department (RR 11/14, pp. 24-28). After receiving financial and accounting information from the towing industry (RR 11/14, p. 31), Mr. Harris completed that report in early 2007. (RR 11/14, pp. 34-38). That report concluded that the fair value fee for automobile tows in 2007 was $134.00. (RR 11/14, Ex. D-1 at p. 4). Mr. Harris testified that figure reflected "a reasonable and fair rate adjustment." (RR 11/14, p. 42).

Although Mr. Harris submitted his report, no further action was taken. The City ordinance limiting tow charges to $85.00 remained in place, and the Deputy City Manager with authority over the matter could offer no explanation for that inaction. (RR 11/15, pp. 10-13).

Thus, notwithstanding the determination of its own tow fee study that the City limit on towing fees was significantly less than the fair value of the services, the City took no action to amend the allowable fee pursuant to TEX. OCC. CODE § 2308.203(b). On July 31, 2012, John DeLoach was cited for charging a towing fee in excess of the $85.00 limit allowed by the 2002 ordinance. He had charged a fee of $250.00 for the tow in question, a charge consistent with that otherwise allowed by the state under TEX. ADMIN. CODE § 86.455.

**To the Extent of Conflict the City Ordinance is Preempted**

The Constitution mandates that no city ordinance "shall contain any provision inconsistent with … the general laws enacted by the legislature of this

state." TEX. CONST. Art. 11 § 5. As explained in *Bolton v. Sparks*, 362 S.W.2d 946, 950 (Tex. 1962), "(m)unicipal ordinances must conform to the limitations imposed by the superior statutes, and only where the ordinance is consistent with them, and each of them, will it be enforced." This Court acknowledged that principle in *Honeycutt v. State*, 627 S.W.2d 417, 422 (Tex. Cr. App. 1981), directing that "a municipal ordinance must not conflict with a state statute."

The 2003 statute provided a framework with certain limitations for the municipal regulation of towing which the City of San Antonio has ignored and disregarded. The result is a city ordinance with provisions inconsistent with the state statute. The key requirement is in TEX. OCC. CODE § 2308.203(b).

- A city "*shall* establish or *amend* the allowable fees for non-consent tows in amounts that represent the fair value of the services … and are reasonably related to any financial or accounting information provided to the governing body."

Certainly, the mandatory nature of the requirement for establishing a fair value is clear. Under statutory rules of construction, "shall' imposes a duty," as opposed to the "discretionary authority" allowed by "may." TEX. GOV'T CODE § 311.016(1) and (2). The legislative history confirms the intent to have mandatory requirements imposed upon municipalities. The Senate Committee Report reflects that the statute "requires" amendment of the allowable fees for non-

consent tows in order to represent the fair value of the services of a towing company. Senate Committee on Bus. & Comm., Bill Analysis, HB 849.

It is this provision that the City of San Antonio has ignored. As described above, in 2007 the City completed a tow fee study showing that the fees allowed by the 2002 City ordinance were substantially below the fair value for the services. Yet no action was taken to comply with the state requirement that a city "shall … amend the allowable fees" to reflect fair value. The City of San Antonio's continued enforcement of a tow fee acknowledged to be less than fair value for the services is a failure to conform to the limitations imposed by the statute. That conflict and inconsistency renders the ordinance preempted and unenforceable.

**The Court of Appeals Opinion - A Flawed Analysis**

The basic flaw in the approach of the Court of Appeals can be seen in its statement that "nowhere in the Act did the legislature include a provision that contains an explicit expression of the legislature's intent that the Act exclusively govern the regulation of non-consent tow fees." (Opinion dated March 6, 2015, at p. 6). Of course not, that is not the test. The Constitutional issue arises when a municipal ordinance contains "any provision inconsistent with … the general law as enacted by the legislature …." By looking for exclusivity the lower court ignored the "any provision inconsistent" standard.

HB 849 was neither an attempt by the state to assert exclusive authority to regulate the tow industry nor was it a grant of exclusive authority to municipalities. Rather, it provided a framework within which municipalities were permitted to exercise certain regulatory authority. San Antonio seemed to acknowledge that framework by completing a tow fee study. The failure to implement the results of that study was inconsistent with the requirement of the statute that municipalities "shall … amend the allowable fees" to represent fair value as determined by such a study.

The lower court relies upon *Rountree v. State*, 2012 WL 3612497 (Tex. App.—Corpus Christi 2012, no pet.). It observes that the *Rountree* court considered "a similar argument" and agrees "with the reasoning in *Rountree*." (Opinion dated March 6, 2015, at 5-6).

Assuming the correctness of the *Rountree* opinion, the case is nonetheless not in point. In *Rountree* the municipality failed to conduct a tow fee study and continued to enforce its towing ordinance, making no further attempt to determine fair value. As such, the reasoning in *Rountree* focused on the relationship between TEX. OCC. §§ 2308.202 and 2308.203(a). The former allowed municipal regulation of tows and the latter, as relevant to that case, required procedures for tow fee studies. The *Rountree* court found those to be independent of each other, and thus a tow fee study was not required.

The San Antonio situation is distinctly different. San Antonio completed a tow fee study that determined its current ordinance was not providing fair value for services. What is at issue is the relationship between § 2308.203(a) and (b), provisions of the same section which are clearly not independent of one another. Part (a) sets out the process for a tow fee study and part (b) follows with the requirement that the results of that process be utilized to "establish or amend" the allowable fees to represent fair value for the services. The reasoning in *Rountree* is simply not applicable since San Antonio set in motion the procedures of § 2308.203 but stopped half way. Having implemented procedures for a tow fee study and then completed it, San Antonio triggered and then ignored requirements not at issue in *Rountree*.

**Conclusion**

The authority of municipalities to regulate economic activity must be carried out within the limitations imposed by the Constitution. Allowing cities to ignore state imposed limitations is to risk having "a patchwork quilt of bans and rules and regulations …." *San Antonio Express-News*, January 8, 2015 (quoting then Governor-elect Abbott).

The legislature established a regulatory framework for the towing industry to avoid such patchwork. If San Antonio is allowed to avoid the state framework by ignoring its own tow fee study, municipalities will be given carte blanche to set

tow fees irrespective of not only fair value but also irrespective of economic reality.

## PRAYER

Petitioner John DeLoach prays that the Petition for Discretionary Review be granted and that, upon review, the judgment of the Court of Appeals be reversed.

Respectfully submitted,

CARLETON B. SPEARS
State Bar No. 18893800
CARLETON B. SPEARS, P.C.
330 North Park
San Antonio, TX  78216
(210) 366-3100 Telephone
(210) 375-8588 Telecopier

CLEMENS & SPENCER
112 E. Pecan St., Suite 1300
San Antonio, Texas  78205-1531
(210) 227-7121
(210) 227-0732 Telecopier


By:   /s/*Mark J. Cannan*
        MARK J. CANNAN
        State Bar No. 03743800

**ATTORNEYS FOR PETITIONER,
JOHN DeLOACH**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was delivered *via Email* on this the 3rd day of April, 2015, to:

Mr. Samuel Adams
Assistant City Attorney
Office of the City Attorney – San Antonio
401 S. Frio
San Antonio, TX  78207
*via Email:*  samuel.adams@sanantonio.gov

Mr. Dan Pozza
Law Office of Dan Pozza
239 E. Commerce St.
San Antonio, TX  78205
*via Email:*  danpozza@yahoo.com


/s/ *Mark J. Cannan*
MARK J. CANNAN

# CERTIFICATE OF COMPLIANCE

At the request of the Court, I certify that this submitted email attachment complies with the following requests of the Court:

1. This filing is labeled with or accompanied by the following information:

    a. Case Style:
       **John DeLoach v. State of Texas**
    b. Case Number:
       **Unknown – new filing**
    c. The Type of Brief:
       **Petition for Discretionary Review**
    d. The Word Processing Software and Version Used to prepare the filing:
       **MS Word 2010**

2. The electronic filing is free of viruses or any other files that would be disruptive to the Court's computer system. The following software, if any, was used to ensure the filing is virus-free:  **Trend Micro.**

3. Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this **Petition for Discretionary Review contains 2,338 words**. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

                     CLEMENS & SPENCER
                     112 E. Pecan St., Suite 1300
                     San Antonio, Texas  78205-1531
                     (210) 227-7121
                     (210) 227-0732 Telecopier

Date:   April 3, 2015         By:  /s/*Mark J. Cannan*
                                  MARK J. CANNAN
                                  State Bar No. 03743800
                             **ATTORNEYS FOR PETITIONER,**
                             **JOHN DeLOACH**

No. _____

**COURT OF CRIMINAL APPEALS OF TEXAS**

_____

**JOHN DELOACH,**
                    **Petitioner,**

**v.**

**STATE OF TEXAS,**
                    **Respondent.**

_____

**On Petition for Review from the Court of Appeals for the**
**Fourth District Court of Texas**
**San Antonio, Texas**

_____

**APPENDIX**

_____

A      Fourth Court of Appeals Opinion dated November 19, 2014.

B      Fourth Court of Appeals Opinion dated March 4, 2015.

# APPENDIX A



# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00324-CR

The **STATE** of Texas,
Appellant

v.

John D. **DELOACH**,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 130556
Honorable Scott Roberts, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Sandee Bryan Marion, Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: November 19, 2014

REVERSED AND RENDERED

In 2002, the City of San Antonio adopted a municipal ordinance that set the maximum fee

a towing company could charge for the non-consent tow of an automobile at $85. SAN ANTONIO,

TEX., CODE OF ORDINANCES § 19-427 (2012).[1]  A violation of the ordinance was punishable by a

fine of not less than $200 nor more than $500. *Id.* § 19-413. In 2003, the Legislature enacted

House Bill 849, currently incorporated in the Texas Towing and Boot Act ("the Act"), which

---

[1] The non-consent towing fee has since been amended to $177 for vehicles 10,000 pounds or less. SAN ANTONIO, TEX., CODE OF ORDINANCES § 19-402 (2013).

regulates towing companies and the fees they may charge for non-consent tows. *See* Acts 2003, 78th Leg., ch. 1034, § 10, eff. Sept. 1, 2003 (currently codified in TEX. OCC. CODE ANN. §§ 2308.202, .203 (West 2012)).

On August 31, 2012, the State[2] filed a complaint against John DeLoach for charging a non-consent tow fee of $250, in excess of the $85 fee authorized by the ordinance. DeLoach was convicted in municipal court, and appealed to the county court at law asserting (1) the ordinance is preempted by sections 2308.202 and 2308.203 of the Act, and (2) he established the affirmative defense of mistake of law. The county court reversed the municipal court and rendered judgment in favor of DeLoach, finding that the ordinance was preempted and unenforceable. The county court rejected DeLoach's mistake of law defense.

The City now appeals to this court. The record and the briefs from the county court have been filed and constitute the record and briefs in this appeal. *See* TEX. GOV'T CODE ANN. § 30.00027(b) (West Supp. 2014). Thus, we review the same issues raised in the briefs submitted to the county court. *See id.*

## PREEMPTION

In his brief before the county court, DeLoach asserted the ordinance conflicts with the Act. According to DeLoach, the Act requires a towing fee study be performed before a city may regulate the maximum fee a towing company may charge for a non-consent tow. Because the City failed to conduct a towing fee study, DeLoach contends the ordinance is void and unenforceable. In its responsive brief before the county court, the City raised a variety of arguments, including that the Act does not contain a "death-penalty" clause for not conducting a towing fee study. Because we

---

[2] The complaint was filed by the State of Texas. However, attorneys for the City of San Antonio prosecuted the case against DeLoach, and the City of San Antonio filed the notice of appeal with this court. Therefore, although the style of this appeal mirrors the trial court's style and shows the State of Texas as appellant, we will refer to appellant hereinafter as the City.

conclude the Act does not preempt the ordinance, we do not address all of the City's arguments. *See* TEX. R. APP. P. 47.1.

## 1. Applicable Law and Standard of Review

The City of San Antonio is a home-rule city that derives its powers from the Texas Constitution. *See* TEX. CONST. art. XI, § 5; *City of Hous. v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013); *RCI Entm't, Inc. v. City of San Antonio*, 373 S.W.3d 589, 595 (Tex. App.—San Antonio 2012, no pet.). A home-rule city has the full power of self-government and looks to the Legislature not for grants of authority, but only for limitations on its powers. *RCI Entm't*, 373 S.W.3d at 595. A home-rule city ordinance is presumed to be valid. *State v. Chacon*, 273 S.W.3d 375, 378 (Tex. App.—San Antonio 2008, no pet.). The Legislature may limit a home-rule city's broad powers only when it expresses its intent to do so with "unmistakable clarity." *Bates*, 406 S.W.3d at 546. "[T]he mere fact that the [L]egislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted." *City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 19 (Tex. 1990). A home-rule city ordinance that conflicts with a state statute is unenforceable to the extent of such conflict. *Dall. Merchant's & Concessionaire's Ass'n v. City of Dall.*, 852 S.W.2d 489, 491 (Tex. 1993). If a reasonable construction giving effect to both the state statute and the ordinance can be reached, the ordinance will not be held to have been preempted by the statute. *Bates*, 406 S.W.3d at 546; *Dall. Merchant's*, 852 S.W.2d at 491.

Statutory construction is a question of law we review de novo. *Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. 2014) (internal citations and quotations omitted). In construing a statute, we must seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *Id.* In interpreting statutes, we presume the Legislature intended for the entire statutory scheme to be effective. *Id.* We look first to the statute's literal text, and we read words and phrases in context and construe them according to the rules of grammar and usage. *Id.*

- 3 -

## 2. Analysis

We must first determine whether the ordinance and the Act are attempting to regulate the same activity. *RCI Entm't*, 373 S.W.3d at 596. We begin by examining the statutory text. *Bates*, 406 S.W.3d at 546.

Section 2308.202 provides:

The governing body of a political subdivision may regulate the fees that may be charged or collected in connection with a non-consent tow originating in the territory of the political subdivision if the private property tow fees:

(1) are authorized by commission rule; and

(2) do not exceed the maximum amount authorized by commission rule.

TEX. OCC. CODE § 2308.202.

Section 2308.203 provides:

(a) The governing body of a political subdivision that regulates non-consent tow fees shall establish procedures by which a towing company may request that a towing fee study shall be performed.

(b) The governing body of the political subdivision shall establish or amend the allowable fees for non-consent tows at amounts that represent the fair value of the services of a towing company and are reasonably related to any financial or accounting information provided to the governing body.

*Id.* § 2308.203.

The sections of the Act at issue regulate the allowable fee a towing company may charge for the non-consent tow of an automobile. Similarly, the ordinance also regulates the allowable fee a towing company may charge for the non-consent tow of an automobile. The plain language of the Act and the ordinance establish that they are both attempting to regulate the same activity. Therefore, we next decide whether the ordinance is inconsistent with or conflicts with the Act. *RCI Entm't*, 373 S.W.3d at 596.

DeLoach asserts the ordinance conflicts with the Act because section 2308.203 requires a towing fee study be performed if a city chooses to regulate non-consent tow fees. He contends the language of the Act demonstrates the legislative intent "to require a fair value for all non-consent tows [be] based on a tow fee study," and the city has "ignored . . . disregarded . . . and failed to comply with th[is] mandatory requirement." Therefore, he argues that because the City has "failed to comply with mandatory requirements, the ordinance is unenforceable."

The Corpus Christi Court of Appeals considered a similar argument in *Rountree v. State*, No. 13-12-00063-CR, 2012 WL 3612497 (Tex. App.—Corpus Christi Aug. 23, 2012, no pet.) (mem. op., not designated for publication).[3] There, Rountree was convicted of violating the City of Beaumont's ordinance that set the maximum fee for a non-consent tow at $85. *Id.* at *1. Rountree argued he was entitled to acquittal because Beaumont had not established procedures by which a towing company could request a towing fee study be performed and argued that Beaumont "was not in compliance with section 2308.203 of the occupations code." *Id.* The State acknowledged Beaumont did not establish the required procedure set forth in section 2308.203 at the time the ordinance was enforced against Rountree; however, the State asserted that Beaumont's non-compliance with the statute "did not make the ordinance invalid, nor did it preclude the enforcement of the ordinance." *Id.* at *2. The court of appeals agreed with the State, noting that "nothing in the language of sections 2308.202 or 2308.203(a) bars a municipality's authority to regulate non-consent towing fees due to a municipality's non-compliance with setting up a procedure for a towing company to request a fee study." *Id.* The court concluded that its interpretation did not lead to an absurd result because it appeared that the Legislature intended

---

[3] *Rountree* was decided by the Corpus Christi Court of Appeals pursuant to a Supreme Court of Texas transfer order from the Beaumont Court of Appeals.

section 2308.202 and section 2308.203 to be "independent, rather than dependent, from one another." *Id.*

We agree with the reasoning in *Rountree*. Nowhere in the Act did the Legislature include a provision that contains an explicit expression of the Legislature's intent that the Act exclusively govern the regulation of non-consent tow fees. *Cf. RCI Entm't*, 373 S.W.3d at 596 n.3 (quoting *Dall. Merchant's*, 852 S.W.2d at 491) ("The Legislature's intent is clearly expressed in section 109.57(b) of the TABC—the regulation of alcoholic beverages is exclusively governed by the provisions of the TABC unless otherwise provided . . . . Section 109.57 clearly preempts an ordinance of a home-rule city that regulates where alcoholic beverages are sold under most circumstances."). To the contrary, the Act expressly allows a city to "regulate the fees that may be charged or collected in connection with a non-consent tow," provided the fees "are authorized by commission rule" and "do not exceed the maximum amount authorized by commission rule." TEX. OCC. CODE § 2308.202.[4] Accordingly, we conclude the ordinance does not conflict with the Act, and is therefore, not preempted.

## MISTAKE OF LAW

DeLoach also asserts he established the affirmative defense of mistake of law because he reasonably relied on an opinion from the Attorney General.

### 1. Standard of Review

The parties' briefs before the county court are the same briefs we must consider on appeal. *See* TEX. GOV'T CODE § 30.00027(b). In those briefs, neither the City nor DeLoach cite to an appropriate standard of review. However, in DeLoach's prayer for relief, he requested only that

---

[4] The Texas Commission of Licensing and Regulation has authorized the maximum fee of $250 for a non-consent tow. *See* TEX. ADMIN. CODE, tit. 16, §§ 86.455, .458.

the county court reverse the municipal court's judgment and render a judgment of not guilty. Therefore, we review the evidence only under a legal sufficiency standard. *See Maynard v. Booth*, 421 S.W.3d 182, 183 (Tex. App.—San Antonio 2013, pet. denied).

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). However, the *Jackson* and *Brooks* standard of review "does not apply to elements of an affirmative defense that the defendant must prove by a preponderance of the evidence." *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).

> When an appellant asserts that there is no evidence to support an adverse finding on which []he had the burden of proof, we construe the issue as an assertion that the contrary was established as a matter of law. We first search the record for evidence favorable to the finding, disregarding all contrary evidence *unless a reasonable factfinder could not*. If we find no evidence supporting the finding, we then determine whether the contrary was established as a matter of law.

*Id.* at 669 (emphasis in original). A defendant is entitled to an acquittal on appeal despite the trial court's adverse finding on his affirmative defense "only if the evidence conclusively establishes his affirmative defense." *Id.* at 670.

## 2. Analysis

"It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon a written interpretation of the law . . . made by a public official charged by law with responsibility for interpreting the law in question." TEX. PENAL CODE ANN. § 8.03(b)(2) (West 2011). A defendant bears the burden of production of evidence and persuasion to prove an affirmative defense by a

preponderance of the evidence. *Id.* § 2.04(d); *Roberts v. State*, 319 S.W.3d 37, 51 (Tex. App.—San Antonio 2010, pet. ref'd).

DeLoach testified he was aware of the ordinance regulating non-consent tow fees. However, he contends the evidence at trial was sufficient to prove his affirmative defense of mistake of law because he reasonably relied on an Attorney General's opinion. *See* Tex. Att'y Gen. Op. No. GA-0315 (2005). DeLoach argues the Attorney General's opinion stands for the proposition that the ordinance is preempted by the Act. In support of this argument, he cites to the Attorney General's reference to the general rule that city ordinances must comply with state law. *See* TEX. CONST. art. XI, § 5(a).

The Attorney General's opinion that DeLoach contends he relied on was issued in response to an inquiry regarding an ordinance established by the City of Victoria pertaining to police-initiated non-consent tows. Tex. Att'y Gen. Op. No. GA-0315, at *1. Victoria's ordinance stated:

> (a) All tow truck permit holders operating permitted tow trucks on the public streets shall charge no more than the storage rates prescribed by the Texas Department of Transportation for performing non-consent tows. A charge for any storage service exceeding the rates prescribed or in addition to the storage related services prescribed shall constitute a violation of this article.
>
> (b) The city manager may establish further rate limits in the city's contracts with rotation list privilege holders. These rate limits shall not be considered rate regulations, but shall instead be considered contractual obligations pursuant to the city's provision of referrals to contractees. Failure to comply with any such contractual rate limits shall not be punishable as a violation of this ordinance, but shall instead merely give the city the right to declare a breach of contract and potentially terminate said contract.

*Id.* at *1–*2.

The issue addressed by the Attorney General was "whether a municipality that limits fees for police-initiated non-consent tows must comply with [section 2308.203]."[5] *Id.* The inquiry

---

[5] At the time the Attorney General's opinion was issued, section 2308.203 was codified under Texas Transportation Code section 643.204. The language is identical in both versions.

stated that the Texas Towing and Storage Association considered Victoria's ordinance to be a regulation of non-consent tow fees and complained that Victoria had not established the procedures by which a towing company could request a towing fee study be performed. *Id.* at *2. The inquiry specifically asked "whether a city can bypass the clear intent of [section 2308.203] by refusing to set procedures even though it has set fees for non-consent tows." *Id.* Relying on *Cardinal Towing*, the Attorney General concluded Victoria's ordinance did not appear to regulate non-consent tow fees, but was instead designed to create efficiencies for Victoria and controlled only a portion of the non-consent tow market. *Id.* at *5; *see also Cardinal Towing & Auto Repair, Inc. v. City of Bedford, Tex.*, 180 F.3d 686, 694-95 (5th Cir. 1999) (concluding ordinance was not a regulation because city merely created efficiencies for police-initiated non-consent tow market). Therefore, the Attorney General concluded that Victoria was not impermissibly ignoring the towing fee study requirement. *Id.*

The Attorney General's opinion states only that it does not consider Victoria's ordinance a regulation of non-consent tow fees. It does not stand for the proposition that the ordinance is preempted by the Act. Accordingly, we conclude DeLoach did not conclusively establish his affirmative defense under the legal sufficiency standard set forth in *Matlock*, and is not entitled to an acquittal on appeal.

## CONCLUSION

We conclude the ordinance is not preempted, and we agree with the county court that DeLoach did not conclusively establish the affirmative defense of mistake of law. Therefore, we reverse the county court's judgment and render judgment reinstating the municipal court's judgment.

Sandee Bryan Marion, Justice

Publish

- 9 -

# APPENDIX B



# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00324-CR

The **STATE** of Texas,
Appellant

v.

John D. **DELOACH**,
Appellee

From the County Court at Law No. 12, Bexar County, Texas
Trial Court No. 130556
Honorable Scott Roberts, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 4, 2015

REVERSED AND RENDERED

In an opinion dated November 19, 2014, this court reversed the county court's judgment and rendered judgment reinstating the municipal court's judgment in favor of appellant. Appellee filed a motion for en banc reconsideration. We withdraw our opinion and judgment of November 19, 2014 and issue this opinion and judgment in their place.

In 2002, the City of San Antonio adopted a municipal ordinance that set the maximum fee a towing company could charge for the non-consent tow of an automobile at $85. SAN ANTONIO,

TEX., CODE OF ORDINANCES § 19-427 (2012).[1] A violation of the ordinance was punishable by a fine of not less than $200 nor more than $500. *Id.* § 19-413. In 2003, the Legislature enacted House Bill 849, currently incorporated in the Texas Towing and Boot Act ("the Act"), which regulates towing companies and the fees they may charge for non-consent tows. *See* Acts 2003, 78th Leg., ch. 1034, § 10, eff. Sept. 1, 2003 (currently codified in TEX. OCC. CODE ANN. §§ 2308.202, .203 (West 2012)).

On August 31, 2012, the State[2] filed a complaint against John DeLoach for charging a non-consent tow fee of $250, in excess of the $85 fee authorized by the ordinance. DeLoach was convicted in municipal court, and appealed to the county court at law asserting (1) the ordinance is preempted by sections 2308.202 and 2308.203 of the Act, and (2) he established the affirmative defense of mistake of law. The county court reversed the municipal court and rendered judgment in favor of DeLoach, finding that the ordinance was preempted and unenforceable. The county court rejected DeLoach's mistake of law defense. The City appealed to this court.[3]

## PREEMPTION

The City of San Antonio is a home-rule city that derives its powers from the Texas Constitution. *See* TEX. CONST. art. XI, § 5; *City of Hous. v. Bates*, 406 S.W.3d 539, 546 (Tex. 2013); *RCI Entm't, Inc. v. City of San Antonio*, 373 S.W.3d 589, 595 (Tex. App.—San Antonio 2012, no pet.). A home-rule city has the full power of self-government and looks to the Legislature

---

[1] The non-consent towing fee has since been amended to $177 for vehicles 10,000 pounds or less. SAN ANTONIO, TEX., CODE OF ORDINANCES § 19-402 (2013).

[2] The complaint was filed by the State of Texas. However, attorneys for the City of San Antonio prosecuted the case against DeLoach, and the City of San Antonio filed the notice of appeal with this court Therefore, although the style of this appeal mirrors the trial court's style and shows the State of Texas as appellant, we will refer to appellant hereinafter as the City.

[3] The record and the briefs from the county court have been filed and constitute the record and briefs in this appeal. *See* TEX. GOV'T CODE ANN. § 30.00027(b) (West Supp. 2014). Thus, we review the same issues raised in the briefs submitted to the county court *See id.*

not for grants of authority, but only for limitations on its powers. *RCI Entm't*, 373 S.W.3d at 595. A home-rule city ordinance is presumed to be valid. *State v. Chacon*, 273 S.W.3d 375, 378 (Tex. App.—San Antonio 2008, no pet.). The Legislature may limit a home-rule city's broad powers only when it expresses its intent to do so with "unmistakable clarity." *Bates*, 406 S.W.3d at 546. "[T]he mere fact that the [L]egislature has enacted a law addressing a subject does not mean that the subject matter is completely preempted." *City of Richardson v. Responsible Dog Owners of Tex.*, 794 S.W.2d 17, 19 (Tex. 1990). A home-rule city ordinance that conflicts with a state statute is unenforceable to the extent of such conflict. *Dall. Merchant's & Concessionaire's Ass'n v. City of Dall.*, 852 S.W.2d 489, 491 (Tex. 1993). If a reasonable construction giving effect to both the state statute and the ordinance can be reached, the ordinance will not be held to have been preempted by the statute. *Bates*, 406 S.W.3d at 546; *Dall. Merchant's*, 852 S.W.2d at 491.

Statutory construction is a question of law we review de novo. *Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. 2014) (internal citations and quotations omitted). In construing a statute, we must seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *Id.* In interpreting statutes, we presume the Legislature intended for the entire statutory scheme to be effective. *Id.* We look first to the statute's literal text, and we read words and phrases in context and construe them according to the rules of grammar and usage. *Id.*

**1.    Regulate Same Activity?**

DeLoach asserts the City's ordinance setting the allowable fees for non-consent tows was preempted by sections 2308.202 and 2308.203 of the Act. We must first determine whether the ordinance and the Act are attempting to regulate the same activity. *RCI Entm't*, 373 S.W.3d at 596. We begin by examining the statutory text. *Bates*, 406 S.W.3d at 546.

Section 2308.202 provides:

> The governing body of a political subdivision may regulate the fees that may be charged or collected in connection with a non-consent tow originating in the territory of the political subdivision if the private property tow fees:
>
> (1) are authorized by commission rule; and
>
> (2) do not exceed the maximum amount authorized by commission rule.

TEX. OCC. CODE § 2308.202.

> Section 2308.203 provides:
>
> (a) The governing body of a political subdivision that regulates non-consent tow fees shall establish procedures by which a towing company may request that a towing fee study shall be performed.
>
> (b) The governing body of the political subdivision shall establish or amend the allowable fees for non-consent tows at amounts that represent the fair value of the services of a towing company and are reasonably related to any financial or accounting information provided to the governing body.

*Id.* § 2308.203.

The sections of the Act at issue regulate the allowable fee a towing company may charge for the non-consent tow of an automobile. Similarly, the ordinance also regulates the allowable fee a towing company may charge for the non-consent tow of an automobile. The plain language of the Act and the ordinance establish that they are both attempting to regulate the same activity. Therefore, we next decide whether the ordinance is inconsistent with or conflicts with the Act. *RCI Entm't*, 373 S.W.3d at 596.

**2.     Conflict?**

DeLoach asserts the ordinance conflicts with the Act because section 2308.203 requires a towing fee study be performed if a city chooses to regulate non-consent tow fees. He contends the language of the Act demonstrates the legislative intent "to require a fair value for all non-consent tows [be] based on a tow fee study," the city "*shall* establish or *amend* the allowable fees for non-

consent tows in amounts that represent the fair market value of the services," and the city has "ignored . . . disregarded . . . and failed to comply with th[is] mandatory requirement." Therefore, he argues that because the City has "failed to comply with mandatory requirements, the ordinance is unenforceable."

The Corpus Christi Court of Appeals considered a similar argument in *Rountree v. State*, No. 13-12-00063-CR, 2012 WL 3612497 (Tex. App.-- Corpus Christi Aug. 23, 2012, no pet.) (mem. op., not designated for publication).[4] There, Rountree was convicted of violating the City of Beaumont's ordinance that set the maximum fee for a non-consent tow at $85. *Id.* at *1. Rountree argued he was entitled to acquittal because Beaumont had not established procedures by which a towing company could request a towing fee study be performed and argued that Beaumont "was not in compliance with section 2308.203 of the occupations code." *Id.* The State acknowledged Beaumont did not establish the required procedure set forth in section 2308.203 at the time the ordinance was enforced against Rountree; however, the State asserted that Beaumont's non-compliance with the statute "did not make the ordinance invalid, nor did it preclude the enforcement of the ordinance." *Id.* at *2. The court of appeals agreed with the State, noting that "nothing in the language of sections 2308.202 or 2308.203(a) bars a municipality's authority to regulate non-consent towing fees due to a municipality's non-compliance with setting up a procedure for a towing company to request a fee study." *Id.* The court concluded that its interpretation did not lead to an absurd result because it appeared that the Legislature intended section 2308.202 and section 2308.203 to be "independent, rather than dependent, from one another." *Id.*

---

[4] *Rountree* was decided by the Corpus Christi Court of Appeals pursuant to a Supreme Court of Texas transfer order from the Beaumont Court of Appeals.

Although the issue in *Rountree* involved Beaumont's failure to conduct the fee study, and the issue here is DeLoach's complaint that the City failed to amend its ordinance to reflect fair market value, we agree with the reasoning in *Rountree*. Nowhere in the Act did the Legislature include a provision that contains an explicit expression of the Legislature's intent that the Act exclusively govern the regulation of non-consent tow fees. *Cf. RCI Entm't*, 373 S.W.3d at 596 n.3 (quoting *Dall. Merchant's*, 852 S.W.2d at 491) ("The Legislature's intent is clearly expressed in section 109.57(b) of the TABC—the regulation of alcoholic beverages is exclusively governed by the provisions of the TABC unless otherwise provided . . . . Section 109.57 clearly preempts an ordinance of a home-rule city that regulates where alcoholic beverages are sold under most circumstances."). To the contrary, the Act expressly allows a city to "regulate the fees that may be charged or collected in connection with a non-consent tow," provided the fees "are authorized by commission rule" and "do not exceed the maximum amount authorized by commission rule." TEX. OCC. CODE § 2308.202.[5] Accordingly, we conclude the ordinance does not conflict with the Act, and is therefore, not preempted.

## MISTAKE OF LAW

DeLoach also asserts he established the affirmative defense of mistake of law because he reasonably relied on an opinion from the Attorney General.

### 1. Standard of Review

The parties' briefs before the county court are the same briefs we must consider on appeal. *See* TEX. GOV'T CODE § 30.00027(b). In those briefs, neither the City nor DeLoach cite to an appropriate standard of review. However, in DeLoach's prayer for relief, he requested only that

---

[5] The Texas Commission of Licensing and Regulation has authorized the maximum fee of $250 for a non-consent tow. *See* TEX. ADMIN. CODE, tit. 16, §§ 86.455, .458.

-6-

the county court reverse the municipal court's judgment and render a judgment of not guilty. Therefore, we review the evidence only under a legal sufficiency standard. *See Maynard v. Booth*, 421 S.W.3d 182, 183 (Tex. App.—San Antonio 2013, pet. denied).

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). However, the *Jackson* and *Brooks* standard of review "does not apply to elements of an affirmative defense that the defendant must prove by a preponderance of the evidence." *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013).

> When an appellant asserts that there is no evidence to support an adverse finding on which []he had the burden of proof, we construe the issue as an assertion that the contrary was established as a matter of law. We first search the record for evidence favorable to the finding, disregarding all contrary evidence *unless a reasonable factfinder could not.* If we find no evidence supporting the finding, we then determine whether the contrary was established as a matter of law.

*Id.* at 669 (emphasis in original). A defendant is entitled to an acquittal on appeal despite the trial court's adverse finding on his affirmative defense "only if the evidence conclusively establishes his affirmative defense." *Id.* at 670.

**2.    Analysis**

"It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon a written interpretation of the law . . . made by a public official charged by law with responsibility for interpreting the law in question." TEX. PENAL CODE ANN. § 8.03(b)(2) (West 2011). A defendant bears the burden of production of evidence and persuasion to prove an affirmative defense by a

preponderance of the evidence. *Id.* § 2.04(d); *Roberts v. State*, 319 S.W.3d 37, 51 (Tex. App.— San Antonio 2010, pet. ref'd).

DeLoach testified he was aware of the ordinance regulating non-consent tow fees. However, he contends the evidence at trial was sufficient to prove his affirmative defense of mistake of law because he reasonably relied on an Attorney General's opinion. *See* Tex. Att'y Gen. Op. No. GA-0315 (2005). DeLoach argues the Attorney General's opinion stands for the proposition that the ordinance is preempted by the Act. In support of this argument, he cites to the Attorney General's reference to the general rule that city ordinances must comply with state law. *See* TEX. CONST. art. XI, § 5(a).

The Attorney General's opinion that DeLoach contends he relied on was issued in response to an inquiry regarding an ordinance established by the City of Victoria pertaining to police-initiated non-consent tows. Tex. Att'y Gen. Op. No. GA-0315, at *1. Victoria's ordinance stated:

> (a) All tow truck permit holders operating permitted tow trucks on the public streets shall charge no more than the storage rates prescribed by the Texas Department of Transportation for performing non-consent tows. A charge for any storage service exceeding the rates prescribed or in addition to the storage related services prescribed shall constitute a violation of this article.
>
> (b) The city manager may establish further rate limits in the city's contracts with rotation list privilege holders. These rate limits shall not be considered rate regulations, but shall instead be considered contractual obligations pursuant to the city's provision of referrals to contractees. Failure to comply with any such contractual rate limits shall not be punishable as a violation of this ordinance, but shall instead merely give the city the right to declare a breach of contract and potentially terminate said contract.

*Id.* at *1–*2.

The issue addressed by the Attorney General was "whether a municipality that limits fees for police-initiated non-consent tows must comply with [section 2308.203]."[6] *Id.* The inquiry

---

[6] At the time the Attorney General's opinion was issued, section 2308.203 was codified under Texas Transportation Code section 643.204. The language is identical in both versions.

stated that the Texas Towing and Storage Association considered Victoria's ordinance to be a regulation of non-consent tow fees and complained that Victoria had not established the procedures by which a towing company could request a towing fee study be performed. *Id.* at *2. The inquiry specifically asked "whether a city can bypass the clear intent of [section 2308.203] by refusing to set procedures even though it has set fees for non-consent tows." *Id.* Relying on *Cardinal Towing*, the Attorney General concluded Victoria's ordinance did not appear to regulate non-consent tow fees, but was instead designed to create efficiencies for Victoria and controlled only a portion of the non-consent tow market. *Id.* at *5; *see also Cardinal Towing & Auto Repair, Inc. v. City of Bedford, Tex.*, 180 F.3d 686, 694–95 (5th Cir. 1999) (concluding ordinance was not a regulation because city merely created efficiencies for police-initiated non-consent tow market). Therefore, the Attorney General concluded that Victoria was not impermissibly ignoring the towing fee study requirement. *Id.*

The Attorney General's opinion states only that it does not consider Victoria's ordinance a regulation of non-consent tow fees. It does not stand for the proposition that the ordinance is preempted by the Act. Accordingly, we conclude DeLoach did not conclusively establish his affirmative defense under the legal sufficiency standard set forth in *Matlock*, and is not entitled to an acquittal on appeal.

## CONCLUSION

We conclude the ordinance is not preempted, and we agree with the county court that DeLoach did not conclusively establish the affirmative defense of mistake of law. Therefore, we reverse the county court's judgment and render judgment reinstating the municipal court's judgment.

Sandee Bryan Marion, Chief Justice

Publish